## MODLIN ET UX. *v.* KENNEDY ET AL.

WILL.—*Construction.*—*Life Estate.*—A testator in his will directed that the whole of his personal property should be and remain the absolute property of his wife, if she should be living at the time of his decease; and he then directed that all his real estate should be and remain the absolute property of his wife, "as long as she lives."

*Held,* that, as to the land, the widow took only a life estate.

WASTE.—*Growing Trees.*—For a tenant for life to sell and authorize the cutting and removal of valuable timber trees growing on the land constitutes waste.

From the Clinton Circuit Court.

*J. N. Sims,* for appellants.

*J. V. Kent* and *L. McClurg,* for appellees.

DOWNEY, J.—This was a complaint in chancery by the appellants against the appellees, to restrain the commission of waste.

William H. Kennedy was the owner in fee of certain real estate. He died testate, leaving a widow, Jane Kennedy, one of the defendants, and ten children, surviving him. The widow claimed that by the will she was owner in fee of the land, and had sold to her co-defendants, and they were cutting and removing, and intending to cut and remove, valuable timber trees from the land, manufacturing them into staves and selling the same. The female plaintiff is one of the daughters of the deceased, and the other plaintiff is her husband.

The main question in the case depends upon the proper construction of the will of the deceased. The will is short, and we copy it. It is as follows:

"I, William H. Kennedy, of Clinton county, in the State of Indiana, do make and publish this my last will and testament. First, I direct that my body be decently interred; and as to my worldly estate, as it has pleased God to intrust me with, I dispose of the same in the following manner, to wit: I direct, first, that all my just debts and funeral expenses be paid, as soon after my decease as possible, out of

the first moneys that shall come into the hands of my execu-
trix from any portion of my personal estate, as my executrix
may see proper to dispose of to pay the same.   I also direct
that the whole of my personal property shall be and remain
the absolute property of my beloved wife, if she shall be
living at the time of my decease.   I also direct that all my
real estate shall be and remain the absolute property of my
beloved wife, as long as she lives.   *   *   *   In witness
whereof," etc.

We think it quite clear that only a life estate in the land
is vested in the widow by the will.   The proposition is so
plain and obvious, that argument in support of it is not nec-
essary.   Attention may be called to the fact, however, that
the personal and the real estate are disposed of by separate
clauses of the will.   In the clause disposing of the personal
estate, the language is different from that of the clause
devising the real estate.   The personal property is to be and
remain the absolute property of the wife, if she shall be liv-
ing at the time of the decease of the testator.   Here there
is no limitation or restriction upon the estate, except that the
wife should be living at the time of the death of the dece-
dent, a limitation which was probably unnecessary and
without effect.   When the testator comes to the part of his
will relating to the real estate, the language of the will is
different.   Here he says:  "All my real estate shall be and
remain the absolute property of my beloved wife, as long as
she lives."   The words " as long as she lives" clearly limit
the duration of the estate to the life of the widow.   Why
did the testator insert separate clauses in his will with refer-
ence to his personal and his real estate, if he intended that
they should be governed by the same rule of disposition, and
the widow to take an estate of the same limit and duration in
each?   Why, when he comes to dispose of the realty, does he
add the words " as long as she lives?"

As to the question whether or not the acts charged amount
to waste, there can be no doubt.   Indeed, it is not questioned.
For a tenant for life to sell and authorize the cutting and

removal of timber trees, under the circumstances here alleged, is to be guilty of waste.

The judgment is reversed, with costs, and the cause remanded for a new trial.