### ELIZABETH ROBERTSON V. THOMAS J. MEADORS.

*Waste by a Life Tenant.*—An owner of the fee has a right to enjoin the removal by a life tenant of valuable growing timber so as to injure the fee simple estate irreparably.

Filed April 23, 1881.

Appeal from Washington Circuit Court.

Horace Heffren and John A. Zaring, for appellant, cited *Dawson* v. *Coffman*, 28 Ind. 223, as to the modification of the English law of waste in this country; also Washburn on Real Prop. §6, p. 609; also *Wheeler* v. *Me-shing-go-me-sia*, Ind. — 405; Story's Eq. p. 559, note 3, 11, and *Drown* v. *Smith*, 52 Me. 141; 33 Ill. 212; Adams' Eq. (6 American Ed.) p. 420, note 3; Williams on Real Prop. 23, note; Hill on Trustees, 590; *Keeler* v. *Eastman*, 11 Vt. 293; *Johnson* v. *Johnson*, 2 Hill Ch. 277; *Livingston* v. *Reynolds*, 26 Wend. 115; *Smith* v. *Poyas*, 2 Dessaus, 65; *Shine* v. *Wilcox*, Dev. & Bat. Eq. 631; *Crawley* v. *Timberlake*, 2 Ired. Eq. 460; *Alexander* v. *Fisher*, 7 Ala. 514, as to what constitutes actionable and enjoinable waste; 1 How. Miss. 168; *Storm* v. *Mann*, 4 Johns. Ch. 21; *Davenport* v. *Davenport*, 7 Hare, 217; *U. S.* v. *Parrott*, 1 McAll. Ch. 271, as to possession of defendant and adverse claim in petition for injunction; *Knisler* v. *Clark*, 2 Hill Ch. 617; *Shubrick* v. *Guerard*, 2 Dessaus, 616; *Dooal* v. *Waters*, 1 Bland, 569, as to granting injunction when title is in dispute; *Garth* v. *Cotton*, 1

Lead. Cases Eq. 567 and notes; *Atkins* v. *Chilson*, 7 Met. 398; *Poindexter* v. *Henderson*, Walker, 176; *Spooner* v. *McConnell*, 1 McLean, 338; *Works* v. *Junction Railroad*, 5 McLean, 425; Clark's Appeal, 62 Pa. St. 447; *Smith* v. *Pettingill*, 15 Vt. 82; *Stevens* v. *Beekman*, 1 Johns. Ch. 318; *Shiply* v. *Ritter*, 7 Md. 408, as to degree of waste for which the courts will interfere; *Turnpike, etc.*, v. *Burnett*, 2 Carter, 536, as to the circumstances of insolvency; *Chesapeake, etc.*, v. *Young*, 3 Md. 480, as to specific pleading; as to general rule of waste, 4 Kent Com., 11 Ed., § 76, p. 81; *Madlin* v. *Kennedy*, 53 Ind. 267, explained, and *Miller* v. *Shields*, 55 Ind. 71.

Alfred B. Collins, for appellee, cited *Fletcher* v. *Holmes*, 25 Ind. 463, as to the effect of entering judgment by agreement; *Taylor's Land. and Ten.* (4th ed.) pp. 503, 254; 10 N. Y. 118; *Dawson* v. *Coffman*, 28 Ind. 220; *McCaslin* v. *Evans, Auditor*, Auditor 44 Ind. 151; *Madlin* v. *Kennedy*, 53 Ind. 267; *Miller* v. *Shields*, 55 Ind. 71, as to waste by life tenant; 1 Wash. (2d ed.) § 30, p. 97; *Moore* v. *Worley*, 24 Ind. 81, to the effect that the possession of tenant for life is not adverse to the reversioner.

S. B. Voyles also for appellee.

Opinion of the court by Mr. Justice Woods.

Complaint for damages and an injunction against the commission of waste. The action was brought by the appellee as owner of the fee, against the appellant, as the owner of a life estate. A demurrer for want of facts was sustained to the second paragraph of answer and error is assigned upon that ruling alone.

Besides insisting that the answer was good, counsel for the appellant contend that the complaint is not good, and that the demurrer should have been carried back and sustained to that pleading.

After describing the land and averring the respective interests of the parties, the complaint charges " that said defendant took possession of said tract of land about 1st of March, 1871, and has been in possession and occupation of the same ever since, and has the same now under her full control, subject to the rights and equities of the plaintiff.

" That said defendant, within the last two years, and after the plaintiff became the owner of the fee simple of said lands, and without authority or license from plaintiff, has cut down, hauled off and

sold off from said land, a large number of walnut, poplar and other timber trees growing on said lands, the number of which plaintiff is unable to state, and during said time, she has also committed waste on said land in other ways, all of which has been to the irreparable injury to the fee simple of said lands, producing great injury to this plaintiff; that the defendant has threatened and is threatening to cut down, haul off and sell more timber trees from off said land, and otherwise commit waste thereon, for which the plaintiff has no remedy or way to prevent the same, except by injunction or restraining order; that the acts of waste committed by said defendant upon said land during the time said plaintiff owned the fee simple of the same, has been a damage to him of two hundred dollars; that said defendant threatens to continue acts of waste and destruction upon said lands, which plaintiff believes she will do, unless restrained or enjoined by an order of this court," and that the plaintiff has no other adequate remedy, etc.

The defendant answered by a general denial and a second paragraph as follows:

"For second and additional answer defendant says that she owns for life the land described in plaintiffs' complaint in severalty by descent and (as) heir from her husband, John Robertson, deceased. That it consists of about thirty-one acres of land and was set off to him by commissioners duly appointed by the Court of Common Pleas of Washington county. That at the time said lands were so set off there was only six acres reduced to cultivation, which was entirely inadequate to her support and subsistence. That for the purpose of obtaining a proper and reasonable support, she caused five acres of said land to be cleared and reduced to cultivation. That she has fenced said land so cleared up and repaired other fences upon said land and used and consumed for necessary fuel the timber which grew upon said land save and except ten logs which grew upon said lands aforesaid reduced to cultivation. That it is and was absolutely necessary for her support and maintenance that said land so described should be reduced to cultivation, and unless she can use the timber so cut as aforesaid she will suffer for the necessaries of life, as she has no other means of support whatever."

Trial by court and finding and judgment for the plaintiff,

awarding thirty dollars damages (amount agreed on) and injunction as prayed.

The answer seems to have been drawn on the theory that the extent of a life tenants' rights depend on the necessities of such tenant; a proposition, which if authoritatively announced, would be somewhat startling, both to the profession and to the owners of the fee, in such cases. The complaint shows the cutting and removal, and threats to cut and remove valuable growing timber, to the irreparable injury of the fee simple estate, and to the plaintiff as the owner thereof, which clearly makes a case of actionable waste and for injunction. *Dawson* v. *Coffman*, 28 Ind. 220; *Molden* v. *Kennedy*, 53 Ind. 267; *Miller* v. *Shields*, 55 Ind. 71.

The action makes no pretence that the acts already done had not caused the injury charged, and contains no denial of the threats nor of the alleged purpose to continue the commission of waste and injury as charged.

The point is made that if well pleaded, the facts averred in this paragraph of the answer were provable under the general denial, and the further point that the acts of the defendant set forth in said answer are not shown to have been the same as those complained of. We need not decide upon these suggestions. Looking to the merits of the plea, aside from technical considerations, it is clear that no error was committed in sustaining the demurrer thereto.

Judgment affirmed with costs.