No. 8068.

UTTERBACK ET AL. *v.* TERHUNE.

PARTITION.—*Real Estate.*—*Pleading.*—*Complaint by Widow.*—In a petition by a widow for partition of the lands of her husband, an allegation that she owned one-third of the land argumentatively asserted that she was the first wife, or a subsequent wife having children by her husband, alive at his death.

SAME.—*Complaint by Heirs to Review.*—A complaint by children against the widow, to review proceedings and judgment in partition, which shows that on their default partition was decreed in her favor, adjudging her to be the owner in fee simple of one-third of the land, and setting it off to her in severalty, although she was the third wife of their father, and had no children by him, was insufficient on demurrer.

SAME.—*Widow not Presumed to Have Been Second Wife.*—A widow will not be presumed to have been a second or subsequent wife.

Utterback *et al. v.* Terhune.

SAME.—*Partition Gives no New Title.*—A judgment in partition does not, ordinarily or necessarily, vest in the co-tenants a new title, but each has the title he had before.

SAME.—*Surviving Wife Takes a Fee.—Descents.—Children of Former Wife Forced Heirs.—Statute Construed.*—Under section 24 of the statute of descents, 1 R. S. 1876, p. 412, the surviving wife takes a fee, and the children by a former wife take as forced heirs of the surviving wife, at her death.

From the Johnson Circuit Court.

*T. W. Woollen* and *D. D. Banta,* for appellants.

*F. S. Staff, G. M. Overstreet* and *A. B. Hunter,* for appellee.

MORRIS, C.—This action was brought by the appellants, the children and grandchildren of Garrett Terhune, to review a judgment and proceedings in partition, commenced in the Johnson Circuit Court, by the appellee against the appellants. The complaint is in two paragraphs. The second is admitted to be bad, and will not be noticed.

The first paragraph states that, on the 24th day of January, 1875, Garrett Terhune died intestate, seized of eighty acres of land in Johnson county, Indiana, leaving the appellee, his widow, and the appellants, his children and grandchildren, his only heirs, surviving him; that the appellee was the third wife of Garrett Terhune, and had no children by him; the appellants were his children by a former wife; that the appellee, on the 4th day of February, 1875, commenced proceedings in partition, in the Johnson Circuit Court, against the appellants, alleging that she was entitled to one-third of the real estate in dispute; that the appellants were served with process in said proceedings; that they made default; that the appellee was adjudged by said court to be the owner in fee simple of one-third of said land, and that the same had been set apart to her in severalty.

It is averred that there are errors apparent upon the face of said proceedings in partition, in this:

First. Because the petition in the partition proceedings

does not state facts sufficient to constitute a cause of action.

Second. Because the petition does not allege the estate which said Nancy had in said land, whether a fee or a life-estate.

Third. Because the estate in said land awarded the appellee by the court is not predicated upon the complaint.

Fourth. Because the decree of the court enlarges the rights of said Nancy beyond the averments of the complaint.

Fifth. The same as the second.

Sixth. Because the judgment of the court gives the said Nancy a fee, when the facts stated in the complaint constitute a life-estate only.

The appellee, in her complaint in the partition suit, avers that the said Garrett Terhune died seized of the premises sought to be partitioned, leaving her, as his widow, and the appellants, as his heirs, surviving him ; that she, as such widow, was the owner, and entitled to hold in severalty, one-third of the same ; that the appellees, as his heirs, were the owner of two-thirds thereof ; that she and they held such premises as tenants in common. She prays that her share may be set off to her in severalty.

The court, upon the default of the defendants in the partition proceedings, adjudged the appellee to be the owner in fee of one-third of said land, and ordered it to be set off to her in severalty, which was done.

The appellee demurred to the appellants' complaint. The demurrer was sustained. The ruling upon the demurrer is the only error assigned.

We think that the complaint in the partition suit contained facts sufficient to constitute a cause of action. We also think that the nature and quantity of the estate of the appellee were stated with sufficient certainty. The seizin and death of the husband, her survivorship as his widow, and the survivorship of the appellants as his heirs, sufficiently described her title to, and interest in, the land ; and the allegation, that she and the appellants held the land as

tenants in common, authorized the judgment of the court. We do not think it was for her to allege in her complaint whether she was a first or subsequent wife, nor whether she had or had not children by him, living at the time of his death. She will not be presumed to have been a second or subsequent wife. In her complaint for partition, she avers that she owned, as the widow of Garrett Terhune, one-third of the land in dispute. If, as such widow, she owned one-third of said land, then she must have been the first wife; or, if a second or subsequent wife, she must have had children by Garrett Terhune alive at the time of his death, for she could not otherwise take a fee in said land as widow. The allegation that she owned one-third of the land argumentatively asserted that she was the first wife, or a subsequent wife having children by her husband, alive at his death. *French* v. *Howard*, 14 Ind. 455 ; *Austin* v. *Swank*, 9 Ind. 109 ; *Garrison* v. *Clark*, 11 Ind. 369.

But we think, upon the facts stated by the appellants, the appellee took a fee. The proviso to the twenty-fourth section of our descent law is as follows : "*Provided*, That if a man marry a second or other subsequent wife, and has, by her, no children, but has children alive, by a previous wife, the land which, at his death, descends to such wife, shall, at her death descend, to his children." 1 R. S. 1876, p. 412.

That, under this proviso, the children take from the wife, not from the husband, what she took from the husband, would seem to be as clear as language can make it. If, therefore, the children take from her, at her death, a fee, she must have taken from the husband, at his death, no less than a fee. The children could take no more from her, at her death, than descended to her from her husband at his death. But while she takes from the husband a fee, she takes it by the statute, to be transmitted from her, at her death, to the children of her husband. The statute makes

the children of the husband the forced heirs of his surviving widow, whose right of inheritance, like that of a forced heir under the civil law, can not be defeated.

This view of the case gives to the wife a fee, and is consistent with the plain, unambiguous language of the statute. The judgment of the court in the partition proceedings is not only in agreement with the allegations of the complaint, but does not, in any degree, enlarge or change the title of the appellee to the land parted to her. It has been held by this court at the present term, in the case of *Avery* v. *Akins*, 74 Ind. 283, quite analogous to this, that a judgment in partition does not, ordinarily or necessarily, vest in the co-tenants a new title, but that each has the title he had before. The court quotes approvingly from *Wade* v. *Deray*, 50 Cal. 376, as follows: "It was held to be 'well settled, that a decree or judgment in partition has no other effect than to sever the unity of possession, and does not vest in either of the co-tenants any new or additional title. After the partition, each had precisely the same title which he had before; but that which before was a joint possession was converted into a several one.' "

We are unable to discover any error apparent upon the face of said proceedings in partition. And, while we do not decide the question, we are unable to see what advantage can accrue to the appellee by the proceedings in partition, except to hold in severalty the possession of that portion of the land assigned to her during her life.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellants.