McClamrock v. Ferguson et al.

---

No. 9439.

McCLAMROCK v. FERGUSON ET AL.

MARRIED WOMAN.— *Wife's Interest in Husband's Land Sold on Execution.*— *Sheriff's Sale.—Descent.—Statute Construed.*—Where the land of a husband, seized in fee simple, is sold on execution to satisfy a judgment against him alone, and the purchase matures into a title, the husband having children by a first wife but none by his last wife, the latter is, by virtue of sections 2491 and 2487, R. S. 1881, entitled to an estate in fee simple in one-third of the land.

From the Boone Circuit Court.

*R. W. Harrison* and *B. S. Higgins,* for appellant.

*J. W. Clements,* for appellees.

BICKNELL, C. C.—This was a suit for partition by the appellant against the appellees. The appellant claimed to be the owner of all the land, subject to a life-estate of Sophia Ferguson in one-third thereof, but the court below decreed partition, assigning to the plaintiff two-thirds of the land in fee, and to Sophia one-third in fee.

The only question arising upon the appeal is, what share in the land belonged to Mrs. Ferguson? She is the second wife of her co-defendant Hugh Ferguson; she has no children by him, and he has children by a former wife. The land to be divided belonged to Hugh Ferguson; it was sold on executions against him, and his title has become vested in the appellant.

In section 1 of the act of March 11th, 1875, R. S. 1881, sec. 2508, it is provided, that "In all cases of judicial sales of real property in which any married woman has an inchoate interest by virtue of her marriage, where the inchoate interest is not directed by the judgment to be sold or barred by virtue of such sale, such interest shall become absolute and vest in the wife in the same manner and to the same extent as such inchoate interest of a married woman now becomes absolute upon the death of the husband, whenever, by virtue of said sale, the legal title of the husband in and to such real property shall become absolute and vested in the purchaser thereof, his heirs or assigns, subject to the provisions of this act, and not otherwise." This statute governs the present case.

In *Jackman v. Nowling,* 69 Ind. 188, this court held that a wife, under this statute, takes precisely the same interest in the lands, upon the execution of the sheriff's deed to the purchaser, that she would have taken therein without this statute, upon the death of her husband, leaving her surviving him, under the provisions of section 27 of the statute of descents. Said section 27 provides that "A surviving wife is entitled,

except as in section 17 excepted, to one-third of all the real
estate of which her husband may have been seized in fee simple,
at any time during the marriage, and in the conveyance of which
she may not have joined, in due form of law." 1 R. S. 1876, p.
413. In this case the land belonged to the husband in fee
simple, and the wife had not joined in any conveyance of it.

The exception in section 17, *supra*, does not affect this case ;
but the proviso in section 24, 1 R. S. 1876, p. 412, is "That if
a man marry a second or other subsequent wife, and has, by
her, no children, but has children alive, by a previous wife,
the land which, at his death, descends to such wife, shall, at
her death, descend to his children." This proviso does pre-
scribe, qualify and limit the rights of a second or other sub-
sequent wife in the lands of her deceased husband.

In *Utterback* v. *Terhune*, 75 Ind. 363, this court held that
under said proviso of section 24 the wife takes a fee. The
court said : "That, under this proviso, the children take from
the wife, not from the husband, what she took from the hus-
band, would seem to be as clear as language can make it. If,
therefore, the children take from her, at her death, a fee, she
must have taken from the husband, at his death, no less than
a fee. The children could take no more from her, at her death,
than descended to her from her husband at his death. But
while she takes from the husband a fee, she takes it by the
statute, to be transmitted from her, at her death, to the chil-
dren of her husband. The statute makes the children of the
husband the forced heirs of his surviving widow, whose right
of inheritance, like that of a forced heir under the civil law,
can not be defeated."

The statutes and decisions hereinbefore referred to are de-
cisive against the appellant upon the question in controversy.
There was no error in the conclusions of law upon the facts
found, and the judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing
opinion, that the judgment of the court below be and it is
hereby in all things affirmed, at the costs of the appellant.