Flenner *et al. v.* The Travellers Insurance Company.

No. 10,147.

FLENNER ET AL. *v.* THE TRAVELLERS INSURANCE COMPANY.

DECEDENTS' ESTATES.—*Sale of Lands.— Widow.—Descent.*—See *Flenner* v. *Benson, ante,* p. 108.

SAME.—*Estoppel.*—A court has no power, in selling the lands of an intestate, to make an order which will enable the purchaser to acquire more than the present estate of the heirs at law; nor can they be estopped by the order of sale from claiming an estate afterwards acquired.

From the Warren Circuit Court.

*W. C. Wilson* and *J. H. Adams,* for appellants.

*F. H. Levering* and *J. M. Rabb,* for appellee.

HAMMOND, J.—This case is in all respects, except as to the name of the appellee and the description of the land, the same as that of *Flenner* v. *Benson, ante,* p. 108. It will be seen by that case that the appellants are heirs, by his first wife, of David Flenner, deceased, who left surviving him Abigail Flenner, a fourth wife, by whom he had no children. The administrator of said David Flenner, for the purpose of paying debts due from his estate, in a proceeding in which the appellants and the widow were parties, by the judgment of the proper court, sold the decedent's real estate, subject to the life-estate of the widow. The purchaser at the administrator's sale afterwards became seized of her interest, or such as she could convey, by quitclaim deed. The appellee is the remote grantee of said purchaser and claims to own all the land in controversy in this action; and so the court below adjudged. The widow having died, the appellants, as her heirs, became the owners of one-third of the land. *Utterback* v. *Terhune,* 75 Ind. 363; *Armstrong* v. *Cavitt,* 78 Ind. 476; *Caywood* v. *Medsker,* 84 Ind 520; *Flenner* v. *Benson, supra.*

The appellee earnestly insists that the judgment of the court, ordering the sale of the land, subject to the life-estate of the widow, is conclusive and estops the appellants from asserting title. But it must be borne in mind that the court could order to be sold the interest only of the appellants

which they held in the land at the time of the judgment, and that was the interest which they inherited from David Flenner. The sale by the administrator was without warranty as to title and conveyed such interest only as could have been conveyed by quitclaim deed by the parties to the proceeding had they been competent thus to convey. The administrator's sale and deed did not convey any after-acquired interest which the appellants may have obtained. The widow took one-third of the land free from the claims of creditors, and this the administrator could not sell. . At her death her said interest descended to the appellants, and the judgment and administrator's sale can not estop them from claiming this title, acquired as it was by them subsequent to such judgment and sale. From the special findings of fact the appellants own one-third, and the appellees two-thirds of the land in controversy.

The judgment of the court below is reversed, at the appellee's costs, with instructions to render judgment on the special findings in accordance with this opinion.