Bryan v. Uland *et al.*

---

No. 12,037.

BRYAN v. ULAND ET AL.

DESCENT.—*Widow.*—*Childless Second Wife.*—*Forced Heirs.*—*Estoppel.*—Where an owner of real estate dies, leaving a widow by whom he has no children, and leaving children by a previous wife, the widow, under section

Bryan v. Uland et al.

2483, R. S. 1881, takes a portion of the deceased husband's real estate in fee simple, free from all demands of his creditors, and, under section 2487, R. S. 1881, such children, at her death, become her forced heirs as to the land so acquired by her, which descends to them without regard to any conveyance she may have made. Improvements placed thereon by her inure to their benefit at her death, as do also improvements made thereon during her life by one in possession under her conveyance taken with knowledge of the facts. During her life, the quitclaim of adult children of such decedent, or the conveyance under order of court of the guardian of his minor children, can not convey any estate in the widow's portion; nor will such children be estopped from asserting title to such portion, after her death, by such conveyances and the receipt by them during her life of the purchase-money therefor, especially where the purchaser had notice of the facts.

SAME.—*Partition.*—*After-Acquired Title.*—The judgment, whatever its form, in a suit for the partition of the deceased husband's real estate, between such widow and children, the title not being in issue, could not affect the interest acquired by the children as forced heirs upon the death of the widow.

From the Greene Circuit Court.

*A. G. Cavins, E. H. C. Cavins* and *W. L. Cavins*, for appellant.

*L. Shaw* and *J. S. Bays*, for appellees.

MITCHELL, J.—Counsel on both sides agree that the facts are correctly stated in a special finding made by the court.

It appears that John Uland died in the year 1862, the owner of several tracts of land in Greene county. He left surviving him his widow, Nancy Uland, who was his second wife without a child or children, and he also left six children by a previous marriage.

At the September term, 1863, of the Greene Circuit Court, there was set off to the widow, in a partition proceeding instituted by her, the tract of land in controversy in this case. The residue of the lands of which the decedent died seized, were in the same proceeding, to which all the heirs were parties, set off to the appellees, his children, as tenants in common.

It was recited in the decree that the widow was the owner of a life-estate in the land set off to her, and that the children owned the fee simple in the whole.

On the 28th day of October, 1864, the adult heirs of John Uland conveyed by quitclaim deed all their interest in the real estate of which their father died seized, including that set off to the widow, to Michael Tribbey, and on the 17th day of January, 1865, the guardian of the minor heirs, pursuant to an order of the probate court, made a like conveyance of the interest of his wards to the same person. On the 3d day of December, 1864, the widow, Nancy Uland, made a quitclaim deed for her interest in the tract set off to her to Tribbey, who at that time took possession of the whole property and held it until his death. After the death of Tribbey, Bryan, the appellant, acquired whatever estate he took in the lands, from his heirs, and went into possession.

It is found by the court that both Tribbey and the appellant had notice, at the time of their respective purchases, that Nancy Uland was the second wife, without children, of John Uland, and that she was in life, and that appellees were children of a previous marriage.

Both made valuable improvements and paid the taxes on the land in dispute during the lifetime of the widow, and it was also found that the appellees each received his or her share of the purchase-money during her lifetime.

The widow died in February, 1880, and the appellees, the surviving children of John Uland, commenced this suit on the 9th day of May, 1882, to quiet their title to the land set off to the widow under the proceedings in partition.

Upon the facts found, the court stated, among other conclusions of law, that the appellees were the owners as tenants in common of the land in controversy; that they were not estopped by the recitals in the decree of partition, nor by their quitclaim deeds, nor by reason of having received the purchase-price of the land during the lifetime of the widow; and that the purchaser was not entitled to an allowance for improvements made while occupying the land during her lifetime.

There was for a time some apparent uncertainty concerning the estate which the childless second wife took in the real

estate of her husband at his death, but it is now settled by repeated decisions that under section 2483, R. S. 1881, such widow, in virtue of her marital rights, takes one-third of her husband's real estate in fee simple, free from all demands of creditors.

The only difference between the estate of a first wife and a childless second wife is created by the proviso to section 2487, R. S. 1881, by which the deceased husband's children of the previous marriage become, at the death of the childless second wife, her forced heirs, as respects all lands acquired by her in virtue of such second marriage. *Utterback* v. *Terhune,* 75 Ind. 363; *McClamrock* v. *Ferguson,* 88 Ind. 208; *Hendrix* v. *McBeth,* 87 Ind. 287; *Slack* v. *Thacker,* 84 Ind. 418; *Flenner* v. *Benson,* 89 Ind. 108; *Flenner* v. *Travellers Ins. Co.,* 89 Ind. 164; *Caywood* v. *Medsker,* 84 Ind. 520; *Armstrong* v. *Cavitt,* 78 Ind. 476; *Louden* v. *James,* 31 Ind. 69.

Under the construction which this proviso has received in the foregoing cases, the estate of the widow, although a fee simple, was subject to such limitation as that at her death it descended to her deceased husband's children without regard to any conveyance she may have made during her lifetime. *Flenner* v. *Benson, supra.* And as, during her lifetime, such children had no interest or estate in the land, nothing but an expectancy to take it as her heirs at her death, neither the quitclaim deed of the adults, nor the guardian's deed of the minors, conveyed any estate to Tribbey. *Flenner* v. *Travellers Ins. Co., supra.*

A quitclaim deed is effectual to pass the estate which the grantor has at the time it is made, and no more; it does not estop him from asserting an after-acquired interest. *Avery* v. *Akins,* 74 Ind. 283; *Graham* v. *Graham,* 55 Ind. 23. Nor does the fact that the purchase-money was received during the lifetime of their step-mother estop the appellees from setting up their title subsequently acquired. Especially is this so in this case, where the purchaser had notice of all the facts at the time he purchased and paid the money. *Avery* v.

*Akins, supra; Scranton* v. *Stewart,* 52 Ind. 68; *Long* v. *Anderson,* 62 Ind. 537.

The appellant claims that the judgment in the partition proceedings estopped the appellees from saying that they were not the owners in fee simple at the time they made their deeds to Tribbey. The decree in partition did not attempt to settle any question of title between the parties, and as partition proceedings, except where the title is directly put in issue, serve only to sever the shares of the common tenants, the judgment, whatever form it may have taken, did not affect after-acquired interests. The judgment is not a vesture of title; it only separates the several interests then held. *Miller* v. *Noble,* 86 Ind. 527, and cases cited.

The fact that the estate of the widow was sold and conveyed by her to the appellant's grantor, and that he was put in possession and made valuable improvements on the land, did not in any respect make the appellees liable for their value. If the widow had remained the owner of the land until her death, it, with whatever improvements she made thereon, would have descended to the children of her deceased husband. The improvements which she would have made would have enured to their benefit in the same way that improvements made by an ancestor enure to the benefit of the heir, and that the improvements were made by the grantee of the widow, during her lifetime, can make no difference.

It is only *bona fide* occupants of lands who have the right to claim the benefit of improvements made while in possession under color of title. Both the appellant and his grantor had knowledge of the appellees' rights, and are, therefore, not within the rule. *Woodhull* v. *Rosenthal,* 61 N. Y. 382.

We have examined the point made on the cross error assigned, and conclude that there was no error in the ruling of the court, which is available to the appellees.

Judgment affirmed, with costs.

Filed May 12, 1885.