Thorp *et al. v.* Hanes.

No. 12,349.

THORP ET AL. *v.* HANES.

DESCENT.—*Childless Second Wife.—Rights of Children of Husband by First Marriage.*—Where a husband dies without living issue by a second wife, who survives him, but with living children by a former wife, the land which descends to such second wife at her death descends to his children by the first marriage.

SAME.—Under the statute, a widow, who is a childless second or subsequent wife, takes one-third of her deceased husband's real estate in fee simple, with the descent cast by law, and during her life his children by a former marriage have no title to such one-third, but they acquire title by descent from her.

PARTITION.—*Primary Object of Suit for.—Title.—Conclusiveness of Judgment.*— While the primary object of a suit for partition is to sever the unity of possession and allot the respective shares of the parties, and not to create or vest new or settle conflicting titles, yet, if any question as to existing titles is properly made by the pleadings, and judgment is rendered thereon, the adjudication is conclusive as between the parties, but it will not affect after-acquired titles.

SAME.—*Childless Second Wife.—Allotment of Interest to.—Descent.—Res Adjudicata.*—Where a widow, a childless second wife, alleged in her petition for partition that she was the owner in fee simple of one-third of her deceased husband's real estate, and the judgment assumed to set apart to her such interest, such judgment will not bar the husband's children by a former marriage from setting up, as against a remote grantee of the widow, the title acquired by them at her death.

From the Marshall Circuit Court.

*T. J. Payne* and *S. Parker*, for appellants.

*A. C. Capron* and *J. D. Thomas*, for appellee.

ZOLLARS, J.—Appellants claim to be the owners of, and by this action seek to quiet the title to, the real estate in dispute, and to recover rents and profits.

Appellee also claims to be the owner of the real estate, and, by a cross complaint, asks that his title be quieted as against any claim by appellants. The court below decided in his favor, and rendered a decree accordingly.

The case comes here upon the evidence, which, in brief, is as follows: John S. Thorp, a resident of Marshall county,

and the owner of one hundred and twenty acres of land in that county, died intestate in 1854, leaving Alice Thorp, his widow, and five children surviving, as his only heirs at law. The widow Alice was a second wife. Of this marriage one child was born, but died before the death of its father, John S. Thorp. The five children were the issue of a former marriage. The land was acquired by John S. Thorp during his first marriage. Appellants are the children and grandchildren of John S. Thorp.

In 1857, the widow Alice instituted an action in the common pleas court of Marshall county for a partition of the land, and made defendants thereto the said children of John S. Thorp, some of whom were minors.

The land, of which that in controversy is a part, was set off to said Alice as her one-third interest in the lands of her deceased husband. In 1863, she sold, and by warranty deed conveyed the land so set off to her to John T. Stiver. The land has since been sold several times, and finally the portion in controversy came into the possession of appellee, and has remained in his possession, under a warranty deed, executed on the 16th day of October, 1875. The widow Alice died intestate, in May, 1882. Since the land was set off to her, she and her grantees have been in the uninterrupted possession of it, although the general rumor in the neighborhood has been that the Thorp children claimed that it belonged to them.

In her petition for partition, the widow Alice alleged, amongst other things, that as the widow of John S. Thorp, she was the owner in fee simple, and entitled to the undivided one-third part, of the lands described as having belonged to her deceased husband, and she asked that her "proper proportion, to wit, one-third part of the same," might be set off by metes and bounds, "and for all other proper relief."

The children of Thorp being non-residents of the State, notice of the pending action was given by publication. The

affidavit for publication, attached to the complaint, was made by the attorney for the widow, and contained the statement only, that the children, naming them, were non-residents of the State.

In the published notice, it was stated that the widow had filed her petition for partition. No mention was made, either in the published notice or in the affidavit, that any question of title was involved in the action.

After all the defendants had been defaulted, the minor children, by guardian *ad litem*, filed an answer in which it was stated that they knew of no reason why the prayer of the mother's petition should not be granted; and in which they asked that by reason of their tender years the court should protect their interests.

Upon the hearing of the case, preliminary to the final decree, the court found that the widow, Alice, was the owner in fee simple of the undivided one-third part of the real estate. In the final decree, and in appointing the commissioners to make partition, it was ordered and decreed that the one-third portion in value of the land should be set off to the widow in severalty.

In their report the commissioners stated that they had set off to the widow Alice, forty acres of the land, "as her fee simple interest, * * to have and to hold by the said Alice Thorp, her heirs and assigns in severalty, forever."

This report was by the court accepted, approved and confirmed, and it was ordered that partition should be made as in said report set forth.

Appellee rests his claim upon the record in the partition proceeding, and claims that in that proceeding all of the rights and title of appellants to the land in controversy were adjudicated, and that that adjudication is a bar to any claim of title that they may now make.

This contention can not be maintained. There having been no child of the second marriage living at the death of the father, it is conceded in argument, and settled by our cases,

that the widow, as the second wife, took no greater interest in her husband's lands than she would have taken had no child been born of that marriage. Our cases also settle the rule in such a case to be that the land, which at the death of the husband descends to the second wife, at her death descends to the children of the husband by his former wife. *Ogle* v. *Stoops*, 11 Ind. 380; *Martindale* v. *Martindale*, 10 Ind. 566; *Rockhill* v. *Nelson*, 24 Ind. 422; *Louden* v. *James*, 31 Ind. 69; *Longlois* v. *Longlois*, 48 Ind. 60; *Long* v. *Miller*, 48 Ind. 145.

The primary object of an action in partition is not to create or vest a new title, nor to settle conflicting titles, but to sever the unity of possession and allot the respective shares. It proceeds upon the theory that the parties have title to the property which they hold in common. *Avery* v. *Akins*, 74 Ind. 283; *Utterback* v. *Terhune*, 75 Ind. 363; *Miller* v. *Noble*, 86 Ind. 527; *Kenney* v. *Phillipy*, 91 Ind. 511; *Bryan* v. *Uland*, 101 Ind. 477.

It is nevertheless true that in a proceeding for partition, as between persons claiming present and conflicting titles, the question of title may be presented by the pleadings, and that question tried and settled. When the question is thus properly presented and determined, the adjudication is final and conclusive as between the parties to the action. *Godfrey* v. *Godfrey*, 17 Ind. 6; *Milligan* v. *Poole*, 35 Ind. 64; *Cravens* v. *Kitts*, 64 Ind. 581; *McMahan* v. *Newcomer*, 82 Ind. 565; *Miller* v. *Noble, supra; Kenney* v. *Phillipy, supra; Fleenor* v. *Driskill*, 97 Ind. 27. While the title may be thus put in issue and tried, the adjudication can only operate upon existing titles, and will not affect after-acquired titles.

It becomes important, therefore, to determine what title, if any, appellants, as the children and heirs of John S. Thorp, had in the portion of the land that descended to the widow, or could have in the portion set off to her. Section 2483, R. S. 1881, which is the same as section 17, 1 R. S. 1876, p. 411, provides that if a husband die testate or intestate, leav-

ing a widow, one-third of his real estate shall descend to her in fee simple free from all demands of creditors, where it does not exceed ten thousand dollars in value. Under this section the widow takes by descent, and as an heir of her husband. *Bowen* v. *Preston*, 48 Ind. 367.

The proviso to section 2487, R. S. 1881, which is the same as section 24, 1 R. S. 1876, p. 412, is, that if a man marry a second or other subsequent wife, and has by her no children, but has children alive by a previous wife, the land which at his death descends to such wife shall, at her death, descend to his children.

In a practical point of view, the childless second wife takes but a life-estate in her husband's real estate, as against his children by a former wife, because, at her death, it goes to them, under the above statutes. Some of the former cases, first above cited, seem to have adopted this practical view as the legal one, and hence treated the estate of such second wife as a life-estate only. Of course, if her estate were but a life-estate in a legal point of view, the fee in the one-third set apart to her would go by descent to the children. In such case, the children would inherit from the father and not from the widow, and the real estate thus set apart might be sold, subject to the widow's life-estate, for the payment of the husband's debts. This statute, however, provides that the one-third of the husband's lands shall *descend* to the widow, in fee simple, free from all demands of creditors; whether she be a first or second wife, and that in case of a childless second or subsequent wife, the land which, at the husband's death, *descends* to her, shall at her death *descend* to his children. Our later cases hold that the second or subsequent wife inherits from the husband, and that his children inherit from her, and take the real estate so inherited, free from the demands of the husband and father's creditors. In other words, that the widow takes the one-third of the husband's real estate in fee simple, under the statute, with the descent cast by law, and that the children have no interest

in it until after her death, whether she be the first, second
or subsequent wife, and inherit from her. They further hold,
that as, in a case like this, the children, during the life of
the widow, have no present interest in, or title to the one-
third of the real estate that goes to her, but acquire their
right and title by descent from her, that right and title will
not be cut off by a judgment in partition at the suit of the
widow. In other words, that when the judgment in a pro-
ceeding in partition affects title, they are present titles, and
not after-acquired titles.

In the case of *Avery* v. *Akins,* 74 Ind. 283, the final judg-
ment in a proceeding for partition between the widow and
daughter was, that the widow, her heirs and assigns forever,
should hold, possess and enjoy the premises set off to her,
free from any and all claims or demands from the children.
In speaking of the effect of that judgment, WORDEN, J., de-
livering the opinion of the court, said: "The judgment,
doubtless, cut off any right or supposed right which the plain-
tiff (daughter) then had in the share set off to Mrs. Lindsay
(widow) ; but it did not in any manner affect any right that
she might afterwards acquire to that share. The judgment
dealt with then existing rights, and none other. The right
which the plaintiff now sets up to that share did not exist at
the time of the partition, but has accrued since." It was
further held that a quitclaim deed by the daughter for the
real estate set off to the widow, executed during the life of
the widow, did not estop her to claim the real estate after the
widow's death. In speaking of the daughter's quitclaim deed,
it was said: " But she then had no estate in the premises
whatever. * * * It is well settled that such a deed will not
estop her to set up her title afterwards acquired." See, also,
*Kenney* v. *Phillipy, supra.*

In the case of *Bryan* v. *Uland, supra,* in speaking of the
estate which a childless second wife takes in the lands of her
husband under the proviso in section 2487, R. S. 1881, *supra,*
it was said, after citing the later cases: " Under the construc-

tion which this proviso has received in the foregoing cases, the estate of the widow, although a fee simple, was subject to such limitation as that at her death it descended to her deceased husband's children without regard to any conveyance she may have made during her lifetime. * * And as, during her lifetime, such children had no interest or estate in the land, nothing but an expectancy to take it as her heirs at her death, neither the quitclaim deed of the adults, nor the guardian's deed of the minors, conveyed any estate."

The land in controversy had been set off to the widow. It was recited in the decree that the widow had a life-estate in the land set off to her, and that the children owned the fee simple in the whole. It was contended that this decree fixed and settled the fee in the children, and that, therefore, their deed carried the fee. · In speaking of the effect of that decree it was said: "The decree in partition did not attempt to settle any question of title between the parties, and as partition proceedings, except where the title is directly put in issue, serve only to sever the shares of the common tenants, the judgment, whatever form it may have taken, did not affect after-acquired interests. The judgment is not a vesture of title; it only separates the several interests then held."

In line with the above cases, see *Miller* v. *Noble, supra; Utterback* v. *Terhune, supra; Flenner* v. *Benson*, 89 Ind. 108; *Flenner* v. *Travellers Ins. Co.*, 89 Ind. 164; *Armstrong* v. *Cuvitt*, 78 Ind. 476; *Caywood* v. *Medsker*, 84 Ind. 520; *McClamrock* v. *Ferguson*, 88 Ind. 208; *Nesbitt* v. *Trindle*, 64 Ind. 183; *Matthews* v. *Pate*, 93 Ind. 443.

Upon the foregoing authorities, we conclude that the judgment in the partition proceedings did not, and does not, bar the children of John S. Thorp from setting up the title which they have acquired by descent from the deceased widow. Taking the record of the proceedings in that case as a whole, it is apparent that the sole purpose of the action was to procure a partition, and not to quiet title, by defeating the right

of inheritance in the children from the widow, of the portion that might be set off to her.

If that were a case to quiet title, then either party might have had a new trial as of right under the statute. But it must be apparent upon an examination of the record, that neither party to the action could have insisted upon a new trial as a matter of right. *Pipes* v. *Hobbs,* 83 Ind. 43.

It will be observed that in the complaint in the case last above cited, as in the partition record under examination, it was averred that the plaintiff was the owner of an interest in fee simple. So, in the case of *Luntz* v. *Greve,* 102 Ind. 173, the plaintiff in the action for partition averred that he was the owner of an interest in the land in fee, and yet it was held that the title to the land was not in issue. It may be observed further, that in the action for partition between the widow and appellants, the averment that the widow was the owner in fee simple of the undivided one-third of the real estate, was, in the statutory sense, true.

That simple averment, therefore, can not be said to have raised the question of the right of appellants to inherit from the widow the portion that might be set off to her. The commissioners had no authority to settle titles, and hence what they said in their report upon that subject is of no consequence.

It may be further observed that the affidavit for the publication, and the notice as published, clearly indicate that the action was simply an action for partition.

It results from our conclusions above, that so far as anything is shown by the record, appellants are entitled to the real estate in controversy, and that the trial court erred in overruling their motion for a new trial.

The judgment is reversed, at appellee's costs, and the cause is remanded, with instructions to the court below to sustain appellants' motion for a new trial, and to proceed with the case in accordance with this opinion.

Filed May 11, 1886; petition for a rehearing overruled Sept. 17, 1886.