Erwin v. Garner et al.

---

No. 12,847.

ERWIN v. GARNER ET AL.

GUARDIAN AND WARD.—*Sale of Real Estate.*—*Mistake.*—*Widow.*—*Second Coverture.*—*Descent.*—*Forced Heirs.*—*Judgment.*—*Estoppel.* — In 1865, G. died intestate the owner of the real estate in controversy, leaving a widow and six children. The widow subsequently married and died in wedlock in 1884, but in 1873, as the guardian of four of the children of her deceased husband, she petitioned for the sale of the interest of her wards in the land, describing it as the undivided four-ninths part, and an order of sale was granted. At the same term, she filed a second petition, averring a mistake in the previous description, and alleging that the wards' interest was an undivided four-sixths part, subject to her life-estate. The former order of sale was revoked and the undivided four-sixths was directed to be sold subject to the guardian's life-estate. A sale was duly made and confirmed under the last order, and a deed executed to the purchaser.

*Held*, that the judgment was only conclusive as to existing titles.

*Held*, also, that as the only absolute interest possessed by the wards at the time of the sale was such as they took as heirs of their father, the purchaser acquired only an undivided four-ninths part, and that the interest which afterwards accrued to them on the death of their mother, as her forced heirs, did not pass.

From the Marshall Circuit Court.

Erwin v. Garner et al.

J. W. Parks, S. D. Parks and H. Corbin, for appellant.

M. A. O. Packard, O. M. Packard and C. P. Drummond, for appellees.

ELLIOTT, C. J.—In 1865 Davis Garner died intestate, the owner of the real estate in controversy, leaving surviving him his widow, Mahala Garner, and six children. The widow subsequently married James Emmons, and died his wife in 1884. At the April term, 1873, Mahala Emmons, as the guardian of four of the children of her deceased husband, Davis Garner, filed a petition for the sale of the land of her wards, describing their estate therein as the undivided four-ninths part, and an order for the sale of the land was granted. At the same term she filed a second petition, averring that a mistake had been made in describing the interest of her wards in the land, and alleging that it was an undivided four-sixths part, subject to her life-estate, and that it should have been so described. The prayer of the second petition was that the former order and sale should be set aside, and an order granted for the sale of an undivided four-sixths of the land, subject to the life-estate of the guardian therein. The prayer of this petition was granted, the first order revoked, the sale set aside, and an order entered directing the sale of an undivided four-sixths part of the land, subject to the life-estate of the guardian. On this order a sale was made, duly confirmed, and a deed executed to the purchaser.

The question, as presented by counsel, is, whether the guardian's sale conveyed to the purchaser the undivided four-sixths of the land. It is contended by the appellees that the six children of Davis Garner inherited but two-thirds or six-ninths of the land, leaving in the widow the limited interest in one-third, which, at her death, as she had married a second time, descended to the children by the first marriage, and that this interest could not be sold upon the petition of the guardian. On the other hand, it is contended by the appellant that he is protected by the provisions of the statute and

by the rules of law, and that he had a right to rely upon the order of the court directing four-sixths of the land to be sold.

The case is a peculiar one, and not entirely free from difficulty. The second order of the court specifically ascertained the interest of the appellees in the land, fixed it at four-sixths, correcting an alleged mistake in the first order, which fixed the interest at four-ninths, and directed a sale of four-sixths of the land. It is quite plainly the law that the children represented by the guardian had an absolute interest in only four-ninths of the land, and only a mere expectant interest in the one-third vested in their mother during life, so that but for the express judgment directing the sale of four-sixths as their interest in the land, there would be little, if any, difficulty in the case. The existence of the judgment under the peculiar circumstances of the case gives rise to the difficult question, for it presents the question as to how far the adjudication concludes the parties as to their interest in the land. This difficulty is not solved by those cases which hold that a widow's interest can not be sold upon a petition by an administrator, to pay the debts of the husband, for here the guardian representing the children asked for a sale of the children's interest in the land, stating what it was, and obtained an order for the sale of the interest described in the petition. It is no doubt a hard case on the purchaser, but an examination of the papers and records would have revealed to him the fact that what the guardian assumed to sell was the interest of the children as the heirs of their deceased father, and that the only present interest they had was that vested in them in the character of their father's heirs. The interest which accrued to them on their mother's death was a distinct and different interest, for, until the death of their mother, they did not and could not inherit except from their father. *Bryan* v. *Uland*, 101 Ind. 477; *Thorp* v. *Hanes*, 107 Ind. 324.

As held in *Bryan* v. *Uland*, *supra*, the children had no

interest or estate in the land during the mother's life, for they had nothing but an expectancy to take at her death, as her forced heirs.

The judgment on the guardian's petition, therefore, simply operated on the estate that the children then possessed, and that estate was only such as descended to them as the heirs of their deceased father.

The general rule is that an estoppel by judgment affects existing titles, and not those subsequently acquired. *Bryan* v. *Uland, supra,* and cases cited p. 480; *Avery* v. *Akins,* 74 Ind. 283.

It is also a settled rule that persons are estopped only in the capacity in which they are sued. *Bumb* v. *Gard,* 107 Ind. 575; *Craighead* v. *Dalton,* 105 Ind. 72, p. 76; *Lord* v. *Wilcox,* 99 Ind. 491; *Elliott* v. *Frakes,* 71 Ind. 412; *Unfried* v. *Heberer,* 63 Ind. 67; Bigelow Estop. 65; Freeman Judg., section 156.

Judgment affirmed.

Filed Dec. 15, 1886.