Gwaltney *v.* Gwaltney.

Filed May 27, 1889.

---

No. 13,742.

GWALTNEY *v.* GWALTNEY.

INJUNCTION.— *Waste.—Descent.—Childless Second Wife.—Interest of, as Widow.* —As the only interest which a child by the first marriage of his father has in land set off to a childless second wife, upon the death of her husband, is a mere expectancy that he may inherit it from his stepmother in case he survives her, he can not maintain a suit to enjoin her from committing waste.

From the Gibson Circuit Court.

*C. A. Buskirk* and *H. A. Yeager,* for appellant.

*J. E. McCullough* and *J. H. Miller,* for appellee.

MITCHELL, J.—Amariah Gwaltney died intestate, in Gibson county, in January, 1885. He was the owner of a considerable body of real estate, and left, as his only heirs, Nancy Gwaltney, his childless widow, and James H. Gwaltney, his son by a former marriage. In a partition proceeding, to which the widow and son were parties, a tract of one hundred acres of the land of which the intestate died seized was set off to the widow. This was a proceeding instituted by the son to enjoin his stepmother from removing timber and committing waste upon the land so set off to her.

The question presented relates to the nature of the estate which the law casts upon a childless second wife, upon the death of her husband, in virtue of her marriage, and whether or not the husband's children by a former marriage have such an interest in the land which descends to her as entitles them to enjoin the widow from removing timber therefrom or committing waste thereon. It is scarcely necessary to say the present case is not affected by the act of the General Assembly which took effect March 11th, 1889. Acts of 1889, p. 430. Section 2483, R. S. 1881, and the proviso to section 2487, control the decision of both questions. These statutory provisions are to the effect that, upon the death of a husband leaving a widow, one-third of his real estate shall descend to her in fee simple; provided, that if a man marry a second or other subsequent wife, and has by her no child or children, but has a child or children alive by a previous wife, the land which at his death descends to such wife shall, at her death, descend to his children.

It is well established that a remainder-man, reversioner, or other person having an existing interest in land, may invoke the aid of a court of equity to restrain the commission of acts of waste, such as removing valuable timber from the freehold, where the timber constitutes an important element in the value of the land. Ordinarily a reversioner or remainder-man must have the legal title, or at least a

present existing vested right, in remainder or reversion, in order that he may maintain the action.  *Wilson* v. *Galey,* 103 Ind. 257; *Gillett* v. *Treganza,* 13 Wis. 527; *Hughlett* v. *Harris,* 1 Del. Ch. 349 (12 Am. Dec. 104); *Miles* v. *Miles,* 32 N. H. 147 (64 Am. Dec. 362).

One thus seized of an estate, in remainder or reversion, may maintain an action for waste, or he may resort to a remedy by injunction in a court of equity for the staying of threatened acts of waste, notwithstanding the intervention of an estate for life or years.  Section 287, R. S. 1884; *Robertson* v. *Meadors,* 73 Ind. 43, and cases cited.

The difficulty which confronts the appellant in the present case is, he is neither a remainder-man nor reversioner, nor has he any interest whatever in the land, except a mere expectancy that he may inherit it from his stepmother in case he survives her.  Thus the statutes above mentioned have been construed again and again, until it must now be considered as settled.

The estate which a widow takes in the real estate of her husband is a fee simple, by the very words of the statute, which applies alike whether she be a first, second or subsequent wife.  If, however, she have no children by the husband from whom she inherits the land, his children become, by compulsion of law, her heirs, in case they or their descendants survive her.  While she lives they have no interest in the land.  Accordingly, it has been repeatedly held that the husband's children are not bound by a judgment of a court ordering their supposed interest to be sold, nor by a conveyance made by them or by their guardian during the lifetime of the widow.  *Erwin* v. *Garner,* 108 Ind. 488; *Thorp* v. *Hanes,* 107 Ind. 324; *Bryan* v. *Uland,* 101 Ind. 477, and cases cited.

The plaintiff occupies the attitude of an expectant heir, seeking to restrain the ancestor from committing waste upon an estate which the former may or may not inherit.  We are

Gwaltney *v.* Gwaltney.

not advised of any principle or authority which supports such a proceeding.

It is contended that the estate created by the statute is, in fact, an estate for life, regardless of the name by which it is designated, and that the children by the first marriage are, in effect, remainder-men, notwithstanding the interpretation put upon the statute. This position is not in harmony with the current of our later decisions, nor is it consistent with any principle of correct legal interpretation. The statute not only designates the estate which descends to a widow upon the death of her husband a fee simple, but, notwithstanding its peculiarities, the estate possesses more of the incidents and characteristics of a fee simple than of an estate for life. It is true the law arbitrarily appoints the children of the deceased husband, if any there be alive at the death of the widow, as the heirs upon whom the estate shall be cast by descent. If, however, there are no children of the husband, or their descendants, the estate descends as in other cases. The manner in which real estate shall descend, and who shall inherit, are altogether matters of public policy, subject to be regulated by law. That the statute prescribes a peculiar line of descent in respect to lands descended to a childless widow, who was a second or subsequent wife, does not make her estate therein any the less an estate of inheritance. *Utterback* v. *Terhune,* 75 Ind. 363. Because the appellant had no vested interest or estate of any description in the land, he was not entitled to invoke the aid of the court to restrain the owner of the fee from removing timber.

Judgment affirmed, with costs.

Filed May 27, 1889.