Montgomery v. McCumber et al.

Filed May 26, 1891.

---

No. 15,056.

## MONTGOMERY v. McCUMBER ET AL.

DECEDENTS' ESTATES.—*Childless Second Wife.—Interest in Husband's Realty.—
Rights of Children.*—Under the statute previous to the amendment of
1889 a childless second wife takes a fee simple title in one-third of the
real estate of which her husband died seized.   At her death the chil-
dren of the husband by a former marriage become her forced heirs,
and the quitclaim deeds of such children do not estop them from recov-
ering the land after the death of the widow.   The said deeds only pass
the title held by the grantors at the time of the conveyances.

From the Gibson Circuit Court.

*C. A. Buskirk* and *J. W. Brady*, for appellant.
*S. H. Kidd, W. M. Land* and *J. B. Gamble*, for appellees.

OLDS, J.—This is an action by the appellees against the appellant for the partition of and to quiet the title to certain real estate.

The court found the facts specially, and stated its conclusions of law.

The facts found show that in 1866 one Johnson Fitzgerald died intestate the owner in fee of the real estate in controversy, leaving surviving him Willy Ann Fitzgerald, a second wife, by whom he had no children. He also left surviving him children and grandchildren by a former marriage, among whom are the appellees. In 1867 certain of the adult heirs of said Johnson Fitzgerald conveyed by quitclaim deed their interest in the lands of which Johnson Fitzgerald died seized to James Montgomery, who in 1868 instituted suit in the common pleas court against Willy Ann Fitzgerald, the widow, and the other heirs who had not conveyed to him, for the partition of said land.

In the partition proceedings the land in controversy, a certain fifty-three-acre tract, was set off to the widow to hold during her natural life, and the same tract was assigned and set off to James Montgomery, subject to the widow's life-estate. Afterwards James Montgomery conveyed the tract of land to other parties, who conveyed the same to the widow. In 1887 the widow died intestate, leaving surviving her as her only heir at law the appellant Mary J. Montgomery, her daughter by a former marriage. At the time of the death of the widow Willy Ann Fitzgerald, there were living of the children and grandchildren of Johnson Fitzgerald the appellees, who claim an interest in the land and bring this suit.

The court stated as conclusions of law that the appellees were entitled to partition and to have their title quieted.

The question presented and discussed is, What interest did

the surviving childless second wife take in the lands of her deceased husband ?

It is contended by the appellant that she took but a life-estate, and that the children by the former marriage took the fee, and by their conveyances the title passed to Montgomery and from Montgomery to his grantees, and from them by mesne conveyances to the widow, and at her death it descended to her only child and heir, the appellant.

On the other hand, it is contended by the appellees that at the death of Johnson Fitzgerald the widow took a fee simple title in the one-third, which, at her death, descended to the children of Fitzgerald by the former marriage ; that the quitclaim deeds only conveyed to the grantee the interest they had in the two-thirds, and that they are not estopped from recovering their interest in the one-third which they take as the forced heirs of the second and childless wife.

Counsel for appellant contend that, at the date of the conveyance from the children to Montgomery, and at the date of the partition, also at the time of the execution of the subsequent conveyances by which the widow received the title vested in Montgomery, under the law as then declared by the decisions of this court in the cases of *Martindale* v. *Martindale*, 10 Ind. 566, *Ogle* v. *Stoops*, 11 Ind. 380, and *Rockhill* v. *Nelson*, 24 Ind. 422, the widow only took a life-estate in the one-third, and the children of the former marriage took a fee, and that the rights of the parties are fixed and measured by the law as then declared.

The question presented can scarcely be regarded as an open one, as all of the principles involved have been passed upon and held adversely to the appellant by numerous recent decisions of this court.

The language of the statute previous to the amendment of 1889 declares, and the decisions have so held, that the childless second wife takes a fee simple, and at her death the children of the husband by a former marriage become her forced heirs, and it has been held that the quitclaim deeds

of such children do not estop them from recovering the land after the death of the widow. The quitclaim deed only passes the title held by the grantor at the time of the conveyance. See *Bryan* v. *Uland*, 101 Ind. 477, where the authorities are collected; also, *Thorp* v. *Hanes*, 107 Ind. 324; *Erwin* v. *Garner*, 108 Ind. 488; *Gwaltney* v. *Gwaltney*, 119 Ind. 144. These decisions are decisive of the question presented.

Judgment affirmed, with costs.

Filed June 9, 1891.