No. 16,459.

## PEARSON *v.* PEARSON ET AL.

DESCENT.—*Statute Construed.—Section 2487, R. S. 1881, as Amended by Acts 1889.—Second or Subsequent Childless Wife.—Share of Estate.—Interest in.*—Section 2487, R. S. 1881, as amended by the act of March 11, 1889, relating to the descent of a decedent's lands to a second or subsequent wife, when the decedent leaves children alive by the first wife, does not change the share or portion of the decedent's estate descending to the widow. The phrase, "interest of such second or subsequent childless wife in the lands of the decedent," etc., in the amended section, has reference to the portion given the widow by section 2483, R. S. 1881, modifying that section as to the quantity of interest of such widow in the portion descending to her, giving her only a life estate therein.

From the Marion Circuit Court.

*R. O. Hawkins* and *H. E. Smith*, for appellant.

*J. T. Lecklider*, for appellees.

DAILEY, J.—This case, briefly stated, is as follows: Charles D. Pearson, Sr., died on the 14th day of February, 1890, intestate, leaving surviving him the appellant, Fannie M. Pearson, his third wife and childless widow, and the appellees, Charles D. Pearson, and Mary G. Jones, children of the deceased, by his first wife; also John R. Pearson and Watson Pearson, infants, grandchildren of the deceased, being children of James W. Pearson, deceased, who was a son of said intestate, by his first wife.

The estate of Charles D. Pearson, Sr., deceased, consisted of a certain lot in Indianapolis, on which was a building used for livery stable purposes, under a lease yielding an income of $50 per month, in advance.

The controversy, in this case, is over the rents, and the question is, what part of the rents go to the third and childless wife under the act of March 11th, 1889? Acts of 1889, p. 430; Elliott's Supp., section 423.

The appellant claims that she is entitled to receive all of said rents during her life, to the exclusion of the appellees above named. The latter insist that they are entitled to two-thirds of the rents and appellant to only one-third.

The defendant Long was the tenant, and paid a month's rent, in litigation, into court, until it could determine to whom it belonged.

In the agreed statement of facts, it is asserted "that all rents accruing from said property from and after March 1st, 1890, shall abide the result of the suit."

The appellant was a defendant in the court below, and demurred to the complaint. The demurrer was overruled, and she answered in general denial. The case was submitted to the court for trial on an agreed statement of facts, which resulted in a finding and judgment for the appellees for two-thirds of the rents and costs. There was a motion by appellant for a new trial, which was overruled, and she prosecutes this appeal. There was also a cross-complaint by the appellant, but it presents no other or different issue, and an interpretation of the statute will be the same, whether made in response to an issue presented on complaint or cross-complaint, there being no dispute about the facts. It is conceded by counsel that the settlement of the amount of interest that the third childless widow has in the land will settle the question as to what interest she has in the rents. It therefore follows that, to this extent, the real estate left by the decedent is involved. In the construction of statutes "the chief thing to be explored is the intention. This the judiciary is to seek in the history of legislation, in the objects contemplated, the evils to be corrected, and the remedies provided." *State, ex rel.*, v. *Forkner, Auditor*, 70 Ind. 241; *Spencer* v. *State*, 5 Ind. 41 (54). Prior to the act of March 11, 1889, *supra*, the second

or subsequent childless widow took one-third of her husband's real estate in fee. *Gwaltney* v. *Gwaltney*, 119 Ind. 144 (146); *Erwin* v. *Garner*, 108 Ind. 488; *Thorp* v. *Hanes*, 107 Ind. 324 (328); *Bryan* v. *Uland*, 101 Ind. 477 (479); *Flenner* v. *Benson*, 89 Ind. 108 (109); *Flenner* v. *Travelers Ins. Co.*, 89 Ind. 164; *Hendrix* v. *McBeth*, 87 Ind. 287; *Slack* v. *Thacker*, 84 Ind. 418; *Armstrong* v. *Cavitt*, 78 Ind. 476; *Utterback* v. *Terhune*, 75 Ind. 363 (366); *Habig* v. *Dodge*, 127 Ind. 31 (35).

In the case last named the court said: "The decisions of this court, accepting the statute according to its evident purpose and policy, have settled it as firmly as anything can be settled by judicial determination, that the childless widow took an interest equal to the undivided one-third in fee simple in her deceased husband's real estate." Section 2487, R. S. 1881, was the one under which these interpretations were made. How far is this statute of descent modified or changed by the Act of March 11, 1889, *supra*, the deceased having died February 14, 1890? The proviso of section 2487, *supra*, is the only amendment in any wise affecting this case. Before amendment it read: "Provided, that if a man marry a second or other subsequent wife, and has by her no children, but has children alive by a previous wife, the land which, at his death, descends to such wife, shall, at her death, descend to his children." The proviso as amended reads as follows: "Provided, That if a man marry a second or subsequent wife and has by her no children, but has children alive by a former wife, the **in**terest of such second or subsequent childless wife in the lands of the decedent shall only be a life estate, and the fee of the same shall, at the death of such husband vest in such children, subject only to the life estate of the widow." In the original proviso there was nothing fixing the interest of the second or subsequent childless

wife in the lands of her husband.  The only effect of the
proviso was to cast the descent of the land upon the hus-
band's children; that is, to make them forced heirs, as
respects all lands acquired by her in virtue of such sec-
ond marriage.  *Bryan* v. *Uland, supra; Gwaltney* v.
*Gwaltney, supra; Erwin* v. *Garner, supra; Thorp* v. *Hanes,
supra; Utterback* v. *Terhune, supra.*

It will [thus be observed that the proviso of  sec-
tion 2487, *supra*, did not fix the widow's interest, but
it was established by section 2483, R. S. 1881, which
reads:  "If a husband die testate or intestate, leaving a
widow, one-third of his real estate shall descend to her
in fee simple, free from all demands of creditors, etc."

Section 2483, *supra*, still remains in force, subject
only to such modification as is created by the amended
proviso, Acts of 1889, p. 430.  These sections must be
construed *in pari materia.*

Section 2483 fixes the widow's interest generally at
one-third of the deceased husband's real estate, and de-
fines it as a fee simple.  Amended section 2487 limits
the interest of the second and subsequent childless wife
in the land of the decedent to a life estate, and casts the
fee directly upon the children, subject only to the life
estate of the widow.  It construes and makes plain the
laws of descent, and rids the statute of the anomaly of
forced heirships where there is no inheritable blood.
And this was the evil intended to be remedied by the
amended proviso of 1889.  It will be observed that there
is not a word in it fixing or defining the quantity or size
of the estate.  Whatever it was, vested in her, in fee, for
life, and then descended from her to his children by the
former marriage.  "The lands which," refers with un-
erring certainty to section 2483, which declares the wid-
ow's portion to be one-third.  This was settled in *Hen-
drix* v. *Sampson,* 70 Ind. 350, and has been affirmed

many times since.   The word "interest," as used in the amendment, means "share," "portion," some of the parts, but not all.   This amended section takes its place among other sections of the general law, and must be construed with them.   Construed, as before, with section 2483, it becomes apparent that her interest or portion is one-third, as it was prior to the amendment.

Section 2483 gives a widow, as stated, one-third of the lands, etc.   The word "widow" is not, in this section, limited by "second, subsequent or childless."

Section 2487, as amended by the acts of 1889, again deals with the widow, and limits the second or subsequent childless widow's estate as to duration, and takes away the fee, and makes alienation impossible; through the change, the amount or quantity remains the same. The intent of the section in controversy was evidently to limit and restrict the rights of this class of widows in favor of children by a former marriage.   If the law-makers had intended to change the quantity, part, or share of such widow, they would not have used the word "interest," but, instead, would have employed appropriate words for the purpose.

We find no error in the record.

Judgment affirmed.

Filed Nov. 21, 1893.