*J. H. Brown*, far appellee.

---

## FINCH and Another *v.* JACKSON.

WIFE'S PORTION.—*Subsequent Marriage.*—*Partition.*—If a widow marry, holding real estate by virtue of a previous marriage, her power to alienate such real estate is suspended during such subsequent marriage, but not the power of the court in a suit for partition to direct a sale and make such an investment of the proceeds as will secure the principal to her upon her surviving her husband, or to her children upon her death.

APPEAL from the Wayne Civil Circuit Court.

RAY, C. J.—The appellee brought his action for partition, alleging that Catharine Finch, who, with her husband, was made defendant, had, upon the death of her former husband, leaving said Catharine, his widow, and three children surviving, as his widow become seized of an interest of one-third in certain real estate; that the undivided two-thirds of such real estate had been sold to pay the debts of the estate of her deceased husband, and had been purchased by the said appellee; that the said Catharine had since intermarried; and he prayed a decree of partition. A demurrer was overruled by the court, and on the report of commissioners stating the property could not be divided, it was ordered to be sold.

The appellants assign the order and the ruling on demurrer as error. The ground of the appellants' objection is the statute providing that a widow holding real estate by virtue of a former marriage, shall not, during

a subsequent marriage, with or without the assent of her husband, alienate such real estate. 1 G. & H. 294, sec. 18. This was held to be simply a personal disability, in *Jackson* v. *Finch,* 27 Ind. 316. The statute authoring suits for partition does not make any exception in such a case, but declares, "that all persons holding lands as joint tenants, or tenants in common, or tenants in co parcenary, may be compelled to divide the same in the manner provided in this act." 2 G. & H. 361, sec. 1.

The right of the late widow, during her subsequent marriage, is suspended, as to her power of alienation, but not the power of the court to direct a sale in a suit for partition, and make such an investment of the proceeds as will secure the principal to her, upon her surviving her husband, or to her children, upon her death.

The judgment is affirmed, with costs.

*C. H. Burchenal,* for appellants.

*J. B. & J. F. Julian* and *J. P. Siddall,* for appellee.