## SMALL ET UX. *v.* ROBERTS ET AL.

WIDOW.—*Real Estate Held During Second Marriage.—Partition.*—Sec. 18,. 1 G. & H. 294, which provides that a woman may not, during her second or subsequent marriage, alienate real estate held by her in virtue of a pre-- vious marriage, does not apply to her share of the proceeds of real estate of which she is entitled to one-third, when sold in a proceeding for par- tition, but the proceeds of her one-third must be paid to her uncondi- tionally.

From the Warrick Circuit Court.

*L. Q. & C. A. DeBruler,* for appellants.

*W. J. Keith,* for appellees.

DOWNEY, J.—The question in this case which we are called upon to decide is as to the rights of. the female appel- lant in the proceeds of certain real estate, which was sold in a proceeding for partition, because it could not be divided. The first husband of the female appellant died, the owner in fee simple of the land, leaving her, his widow, and also the appellees, two children, surviving him. She married again to her co-appellant, before the commencement of the pro- ceeding in partition. The court in ordering the sale directed that one-third of the proceeds of the sale of the land be paid to her unconditionally, but when the sale was reported, amended the order so as to require the 'commissioner to invest the one-third of said proceeds claimed by her under

the order of the court, in such manner as to secure to her the interest thereof during her coverture with her co-appellant, the return of the principal thereof to her in the event she should survive her present husband, and the payment ·of the principal to the children of the deceased, if she should die while the wife of her co-appellant.

The question turns on the construction to be given to sec. 18, 1 G. & H. 294, which reads as follows: "If a widow ·shall marry a second or any subsequent time, holding real ·estate in virtue of any previous marriage, such widow may not, during such marriage, with or without the assent of her husband, alienate such real estate, and if, during such marriage, such widow shall die, such real estate shall go to her children by the marriage in virtue of which such real estate ·came to her, if any there be."

In *Philpot* v. *Webb*, 20 Ind. 509, it was held, that the widow took one-third of the real estate of her deceased husband in such case, that her subsequent marriage did not divest her title, and that at her death it descended to her heirs, and was liable to be sold for debts contracted by her.

In *Jackson* v. *Finch*, 27 Ind. 316, in which reference is made to *Barnes* v. *Allen*, 25 Ind. 222, it was held, that sec. 18 only suspended the wife's power of alienation during the marriage with the second or subsequent husband, the fee simple being in her by virtue of sec. 17.

In *Finch* v. *Jackson*, 30 Ind. 387, it was held that sec. 18 created only a personal disability in the wife to alienate during the subsequent marriage, and that it did not prevent the court from ordering a sale of the real estate in a pro- ·ceeding for partition, when a division of the land could not be made. It was added in the opinion as follows: "The right of the late widow, during her subsequent marriage, is .suspended, as to her power of alienation, but not the power of the court to direct a sale in a suit for partition, and make such an investment of·the proceeds as will secure the principal to her, upon her surviving her husband, or to her

children, upon her death." See, also, *Murphy* v. *Henry*, 35 Ind. 442, and cases there cited.

The legislature may be presumed to have foreseen that in some cases the land in which the wife thus•owned a third in fee, derived from her former husband, would be sold in a proceeding for partition, and yet they made no provision for such a case. The disability of the wife is not by statute carried on and applied to the proceeds of the real estate, when it has been sold. The language of the opinion in *Finch* v. *Jackson*, *supra*, with reference to investing the proceeds of the sale of the land, seems not to have been called for in the decision of the question involved in that case. The only question in that case was whether the court could order the sale of the lands or not.

We are of the opinion that the first order made by the court in this case was correct, and that the court committed an error in modifying or changing the same.

The judgment is reversed, as to the order directing an investment of the money, with costs, and the cause remanded for further proceedings in accordance with this opinion.