Byrum *et al. v.* Henderson *et al.*

BYRUM ET AL. *v.* HENDERSON ET AL.

[No. 18,346.    Filed July 1, 1898.]

DESCENT AND DISTRIBUTION.—*Husband and Wife.—Childless Second Wife.—Child by Former Marriage.*—Where a husband dies leaving a childless second wife as his widow, and leaving a child by a former marriage surviving him, and such child dies before such widow, leaving no descendants, any real estate decended to such widow, from her said husband, owned by her at the time of her death will descend to her heirs, if she dies intestate, the same as if she were a first wife.   *pp. 104-106.*

SAME.—*Childless Second Wife.—Nature of Estate in Lands of Her Husband.—Child by Former Marriage.*—A childless second wife inherits a fee simple estate in the lands of her husband, and during her lifetime the children of her husband by a former marriage have no estate or interest therein, but only an expectancy to take the same as her forced heirs at the time of her death.   *p. 106.*

SAME—*Childless Second Wife.—Child by Former Marriage.—Death of Child Before Widow.*—Where a childless second wife conveys real estate inherited from her husband who has a child by a former marriage, and such child dies before the widow leaving no descendants, the next of kin of such child do not inherit any interest in such real estate.   *pp. 106, 107.*

From the Knox Circuit Court.   *Affirmed.*

*H. S. Cauthorn, C. E. Dailey, H. S. Cauthorn, Jr.,*
and *John W. Weathers,* fŏr appellants.

*Townsend & Wilhelm* and *Cullop & Kessinger,* for
appellees.

MONKS, J.—This was an action in ejectment and to
quiet title, brought by appellants against appellees.
The court made a special finding, and stated conclu-
sions of law thereon in favor of appellees, and ren-
dered judgment against appellants. It appears from
the special finding that one Joseph Bouchie, in 1856,
died intestate, the owner in fee simple of real estate
in Knox county, Indiana, leaving surviving him as
his only heirs, his widow, Mary Bouchie, a second
wife, by whom he had no children, and one Peter
Bouchie, his son by a former marriage. Afterwards,
on September 6, 1857, said Mary Bouchie, for a val-
uable consideration, sold, and by quitclaim deed con-
veyed, said real estate, which she held as widow of
said Joseph Bouchie, deceased, to one August Delisle,
who then took possession thereof, claiming to own it
in fee simple. On January 5, 1858, the said August
Delisle and wife and the said Mary Bouchie, for a
valuable consideration, sold, and by warranty deed
conveyed, all the real estate which the said Mary
Bouchie conveyed to the said August Delisle to one
James Reynolds, who then took possession thereof,
claiming to own the same in fee.

At the September term, 1858, of the Knox Common
Pleas Court, in an action for partition, brought by
said James Reynolds against said Peter Bouchie and
his guardian, Vetal Bouchie, the land in controversy
was set off to said James Reynolds as the owner
thereof in fee. Afterwards the said James Reynolds
sold, and by warranty deed conveyed the real estate
set off to him, being the real estate in controversy,
to one Cassell, who took and held possession thereof,

claiming to own it in fee, until 1870, when he sold, and by warranty deed conveyed said real estate to one Henderson, who took and held possession of the same until in August, 1894, when he died intestate, leaving appellees as his only heirs at law, who have held possession of said real estate until the commencement of this action, claiming to own the same in fee. The said Peter Bouchie died intestate in 1873, unmarried, leaving no children or their descendants surviving him, his only heirs being appellants, one of whom is a brother, and the others children of a deceased sister of his deceased father. The said Mary Bouchie died intestate in 1883. The court stated as conclusions of law that appellants were not entitled to recover possession of said real estate from appellees, nor were they entitled to have the title thereto quieted in them against the appellees.

Section 2483, R. S. 1881, provides that if a husband dies testate or intestate, leaving a widow, one-third of his real estate shall descend to her in fee simple, free from all demands of creditors, with a proviso reducing her interest as to creditors if the real estate exceeds in value $10,000, etc. Section 2486, R. S. 1881 provides that if a husband dies intestate, leaving a widow and one child, his real estate shall descend one-half of it to the widow and one-half to his child. It is provided in section 2487, R. S. 1881, that if a man marries a subsequent or second wife, and has by her no children and dies leaving children alive by a previous wife, the land which at his death descends to such wife shall at her death descend to his children by the previous wife. Under said sections it was held in *Martindale* v. *Martindale,* 10 Ind. 566, decided in 1858, that a second or subsequent wife took a life estate only in the lands of her deceased husband, when he

left surviving him children by a former wife. This construction of said sections was adhered to by this court until the case of *Utterback* v *Terhune*, 75 Ind. 363 was decided in 1881, in which it was held that under said sections a second or subsequent wife having no children by her husband, took a fee in his land at his death, and if he leaves children alive by a previous wife, that upon her death such children inherit said real estate from her as her forced heirs. This is now the settled, as well as the correct construction of this statute. *Haskett* v. *Maxey*, 134 Ind. 182, 187, 19 L. R. A. 379. *Myers* v. *Boyd*, 144 Ind. 496. *Stephenson* v. *Boody*, 139 Ind. 60, 65 and cases cited. It is settled law, therefore, that under our statutes of descents the same interest descends to a childless second or subsequent wife on the death of her husband, leaving no children or their descendants by a former marriage surviving him, that descends to a first wife. The only difference between the estate of the first wife and a second or subsequent childless wife, is when the husband of a childless second or subsequent wife dies, leaving children or their descendants by a former marriage surviving him, in which case such children or their descendants, under section 2487, *supra*, become, at the death of the childless second or subsequent wife, her forced heirs as to all the land which she inherited from said deceased husband. *Bryan* v. *Uland*, 101 Ind. 477, 480, and cases cited; *Gwaltney* v. *Gwaltney*, 119 Ind. 144, 146. It follows, therefore, that if a husband dies, leaving a childless second or subsequent wife as his widow, and leaving a child or children or their descendants by a former marriage surviving him, and such child or children or their descendants should die before such widow, and there should be no child or children of such former marriage, or the descendant of any such

child or children, living at the death of such widow, then there would be no one to take as the forced heir of such widow under said section 2487, *supra,* and any real estate which descended to her from her said husband, if owned by her at the time of her death, will descend to her heirs, if she dies intestate, the same as if she were a first wife, and, if she dies testate, will go to the person or persons to whom she devised it in her last will and testament. If she has sold and conveyed said real estate in her lifetime, the same could not descend to her heirs, nor could she devise the same by will.

It follows, therefore, that the estate which Mary Bouchie inherited in the real estate of her husband was a fee simple, and during her lifetime Peter Bouchie, the child of her husband by a former marriage, had no estate or interest therein, but only an expectancy to take the same as her forced heir at her death. No conveyance she could make would deprive him or his descendants of this right, if they or any of them survived her. As he died before the widow, leaving no child or children or their descendants surviving him, at her death, if she then owned said real estate, or any interest therein, inherited from her said husband, it would have descended to her heirs if she died intestate. It is clear, therefore, that appellants, the brother and nephews and nieces of Joseph Bouchie, the husband of Mary Bouchie, and father of Peter Bouchie, did not inherit said real estate, or any interest therein, from said Peter Bouchie, because he had no title thereto at the time of his death; nor did they inherit the same or any interest therein from Mary Bouchie, as her forced heirs, because they were not made such by statute.

It is true that it was held by this court in *Haskett* v. *Maxey, supra,* that if, prior to 1881, at a time when

it was held that a childless second or subsequent wife took only a life estate in the lands of her deceased husband, she and the children of the former wife sold and conveyed the real estate in which such wife had such life estate, that this construction of the statute became and was a part of the contract, and that a subsequent change in the construction of the statute could not operate retroactively, so as to impair the obligation of such contract, but the rights of the parties who joined in such conveyance were governed thereby. This was only the application of the settled doctrine that the obligation of a contract can be no more impaired by a change in the construction of a statute by the decision of the courts than it can by a legislative enactment. If Mary Bouchie only conveyed a life estate in said lands by her deeds to Delisle and Reynolds, and was the owner in fee simple thereof at the time of her death, appellants would have no interest in the lands. When *Utterback* v. *Terhune, supra,* was decided in 1881, it related back to the date of the enactment of our statute of descents. *Center School Township* v. *State, ex rel.,* 150 Ind. 168, and cases cited; *Town of Hardinsburg* v. *Cravens,* 148 Ind. 1, and cases cited; *Stephenson* v. *Boody, supra,* pp. 65, 66.

It is settled law, therefore, that at all times since the same was enacted the childless second or subsequent wife took a fee simple, and not a life estate in the lands of her deceased husband. To this rule there is no exception, and it was only held in *Haskett* v. *Maxey, supra,* that the change in the construction of said statute could not impair the obligation of any contract made before the case of *Utterback* v. *Terhune, supra,* was decided. Finding no error in the record, the judgment is affirmed.