## HELT ET AL. *v.* HELT.

[No. 18,611.    Filed Jan. 26, 1899.]

DESCENT AND DISTRIBUTION.—*Husband and Wife.*—*Childless Second Wife.*—Section 1 of the act of March 11, 1889 (Acts 1889, p. 430, section 2644 Burns 1894) providing that if a man marry a second or subsequent wife and has by her no children, but has children alive by a former wife, the interest of such wife in the lands of her husband shall be a life estate, and the fee of the same shall vest in such children at the death of the husband is void, as it seeks to amend section 2 of the act of 1853 which was repealed by the act of March 9, 1867.  *pp. 143, 144.*

SAME. —*Husband and Wife.* — *Childless Second Wife.* — Plaintiff brought suit for partition of her one-third interest in her deceased husband's real estate.    The pleadings show that plaintiff was a second wife, having no children by the marriage existing at the time of the husband's death, but having a child living by a prior marriage between her and her said husband, which had been dis-

Helt *v.* Helt.

solved, and that the husband had children living by a previous wife. *Held*, that the rights of plaintiff in said lands are determined by section 2487 R. S. 1881, or section 2640 Burns 1894, either of which gives her one-third of the land in fee simple, with limitation as to descent and disposition thereof as provided in [section 2487 R. S. 1881, or section 2641 Burns 1894.    *pp. 143-145.*

From the Bartholomew Circuit Court.    *Affirmed.*

*George W. Cooper* and *Cassius B. Cooper*, for appellants. *M. D. Emig* and *J. F. Cox*, for appellee.

Monks, C. J.—It appears from the record that one Henry Helt, a widower, having children by a former marriage, married appellee; that he had by her one child, the appellant Mollie Helt, her co-appellants being the children of said Henry Helt by his first wife.  Afterwards, in 1880, appellee and said Henry Helt were divorced.  In 1890, they were again married, but no child was born to them during the last marriage.    Afterwards said Henry Helt died intestate, the owner of real estate in Bartholomew county, Indiana, leaving surviving him appellee, his widow, and appellants, his children, one of whom, Mollie Helt, was a child of his first marriage with appellee, and the others his children by his first wife.

An action was brought in the court below for partition of said real estate, by appellee against appellants, and the court held that the undivided one-third of the real estate of which said Henry Helt died seized, descended in fee simple to appellee, and the other undivided two-thirds descended in fee simple to appellants, and partition was so made and confirmed. Appellants insist that, under the facts found, appellee, having no children born to her during said second marriage, was, at the death of her husband, a subsequent childless wife, within the meaning of section 1 of the act of March 11, 1889 (Acts 1889, p. 430, being section 2644 Burns 1894, section 2487 Horner 1897); and that she inherited the undivided one-third of said real estate for life only, and ap-

pellants inherited all of said real estate, subject to appellee's estate for life in the undivided one-third thereof.

By section 1 of the act of 1889 (Acts 1889, p. 430), being section 2644 Burns 1894, section 2487 Horner 1897, it was attempted to amend section 2 of the act of March 4, 1853 (Acts 1853, p. 56), which last named section was repealed by the act of March 9, 1867 (Acts 1867, p. 204). *Longlois* v. *Longlois,* 48 Ind. 60, 63, and cases cited; *Hoffman* v. *Bacon,* 50 Ind. 379, 380. Section 2 of the act of 1853, which section 1 of the act of 1889 sought to amend, was repealed in 1867, and was not, therefore, in force in 1889. It is settled law in this State that an act which attempts to amend a repealed act is void. *Smith* v. *McClain,* 146 Ind. 77, 88, 89; *Boring, Aud.,* v. *State,* 141 Ind. 640, and cases cited. It is evident that when section 1 of the act of 1889, being section 2644, 2487, *supra,* was passed, section 2 of the act of 1853, which it attempted to amend, was not in existence, having been repealed in 1867, and that said section 1 of the act of 1889, being section 2644, 2487, *supra,* is void. *Smith* v. *McClain, supra,* pp. 88, 89. Said section 2644, 2487, *supra,* being void, it follows that section 2487, R. S. 1881, being section 24 of an act approved May 14, 1852 (R. S. 1852, p. 251), has been in force since the act of 1867, *supra,* took effect. *Longlois* v. *Longlois, supra,* pp. 62-65, and cases cited; *Waugh* v. *Riley,* 68 Ind. 482, 493, 494; *Teter* v. *Clayton,* 71 Ind. 237, 239. It is clear, therefore, that the right of appellee in said lands is determined by either section 2487 R. S. 1881, being section 24 of an "act approved May 14, 1852" (R. S. 1852, p. 251), or section 2640, Burns 1894, section 2483 Horner 1897, which last named section expressly gives the wife an estate in fee simple of all the lands of which her husband died seized.

Under said section 2487 R. S. 1881, being section 24 of an act approved May 14, 1852, "it has been uniformly held by this court, since the case of *Utterback* v. *Terhune,* 75 Ind. 363, decided in 1881,    *    *    *    a second or subsequent

wife, having no children by her husband living at his death, took a fee in his lands when he died leaving children alive by a previous wife and that upon her death, the children of the former wife or wives become her forced heirs," and inherited the land from her which she inherited from her husband. *Byram* v. *Henderson*, 151 Ind. 102, and cases cited; *Haskett* v. *Maxey*, 134 Ind. 182, 187, 19 L. R. A. 379, and cases cited. Appellee therefore inherited an undivided one-third of the land in controversy in fee simple, regardless of which section determines her rights. If the land descended to her under section 2640 Burns 1894, section 2483 Horner 1897, she may dispose of it as she pleases, by will or otherwise, except as limited by section 2641 Burns 1894, section 2484 Horner 1897, if she marry again. But if the lands descended to her under section 2487 R. S. 1881 (section 24, R. S. 1852, vol. 1, p. 251), the same will descend to the children of her deceased husband, or their descendants, if they survive her. *Byram* v. *Henderson, supra.* The trial court did not err, therefore, in holding that appellee inherited the undivided one-third of the land in controversy in fee, and in rendering judgment confirming partition of said land when so made.

Under the issues in the cause, the trial court was not required to determine, nor did it determine, which of said sections governs the rights of appellee. Neither is said question decided by this court, because the same is not presented by the record. Judgment is affirmed.