JOHNSON, TRUSTEE, ET AL. *v.* JOHNSON, ET AL.

[No. 18,390. Filed June 15, 1899].

DESCENT AND DISTRIBUTION.—*Husband and Wife.—Childless Second Wife.—Children by Former Marriage.—Sale of Real Estate.—Disposition of Proceeds of Sale.*—Where a widow and the children of her deceased husband join in a conveyance of real estate in which she had a one-third interest as a childless second wife, under §§2483-2487 R. S. 1881, the widow is entitled to one-third of the purchase-money paid for the real estate, and such children have no more interest therein than they would have had in her one-third of the real estate, if the same had been set off to her in severalty, and they cannot maintain an action to prevent her from receiving and using the same, or to deprive her of the possession thereof.

From the Marion Superior Court. *Affirmed.*

*W. N. Harding* and *A. R. Hovey*, for appellants.

*Eli F. Ritter* and *Jason E. Baker*, for appellees.

MONKS, J.—The errors assigned call in question the conclusions of law. The facts found necessary to determine the questions presented are substantially as follows: Henry B. Johnson died intestate in 1867, the owner in fee simple of certain real estate in Marion county, Indiana, leaving, surviving as his only heirs at law, Sarah P. Johnson, his second wife, by whom he had no child or children, and Moses Johnson and Mary Bell Johnson, his children by a former marriage. In 1888 said Sarah P. Johnson received from a firm of attorneys in Indianapolis an opinion in writing that, under the statutes of Indiana, she was entitled to one-third part of said real estate in fee simple, and that each of the two children also inherited one-third part, so that Mrs. Johnson

and the two children had equal interests in fee simple in said real estate. Mrs. Johnson communicated the information to the children, who were then each over twenty-one years of age. From that time forward all the parties interested in said real estate were of the belief, on account of the opinion of said attorneys, that Mrs. Johnson took a fee simple title in the undivided one-third of all of said real estate with the full power to sell the same, and, if unsold at her death, the same would descend to the heirs of her own blood, if she died intestate, and, if testate, would go to her devisees; and they had no knowledge that, under the statutes of Indiana, said children of Henry B. Johnson were her forced heirs, and the real estate which descended to her from said Henry B. Johnson would at her death descend to said children. In 1893 said real estate was sold and conveyed by said Sarah P. Johnson and said children to William Haerle, who paid a part of said purchase-money in cash, and gave nine promissory notes, secured by a mortgage on said real estate, for the residue. One-third of the cash payment received was paid to Mrs. Johnson, and the remainder to the other parties interested. The money received on the notes paid before the commencement of this action, except the fifth, was divided in the same proportion. When the fifth note was paid, one-third of the amount received in payment thereof was deposited in bank, to be held until it was judicially determined as to whom the same belonged, and the interests of the parties hereto adjudicated. Said Sarah P. Johnson has no property other than her interest in the estate of her deceased husband, Henry B. Johnson. All the appellants to this action have resided in the state of Pennsylvania for ten years last past, and have never resided in the State of Indiana. At the time said real estate was sold and conveyed, the grantors therein were mistaken as to the statutory law of Indiana, which mistake was common to all the parties hereto, and was attributable to the mistake of the Indianapolis attorneys of the appellee, Sarah P. Johnson, in

furnishing her an opinion as to the law of descent of the
State, and to the fact that no other person interested in said
property made any inquiry in reference to said matter, or
endeavored in any way to ascertain the law of Indiana. Said
other parties were not in any way prevented from ascertain-
ing the law of Indiana, or from making inquiry in reference
thereto, except by the fact that such information was pro-
cured by her and was believed by her to be correct, and was
communicated to said other persons, who accepted the same
as correct.

The conclusions of law stated were, substantially, as fol-
lows: (1) "That appellants should take nothing by their suit,
and should pay the costs; (2) that Sarah P. Johnson was and
is the owner of, and entitled to receive, one-third of the pur-
chase-money paid and to be paid for said real estate, and
appellants have no valid claim, title, or interest in or to the
same; (3) that appellants have no right of present control of
said funds and choses in action. The court states no con-
clusion of law which is to be taken as determining the in-
terest, if any, of any of appellants in said funds and choses in
action after the death of said Sarah P. Johnson. The judg-
ment rendered by the court followed the conclusions of law.

Appellants insist that, upon the facts found, the conclu-
sions of law should have been stated so as to entitle them to
a decree that the one-third of the purchase-money for said
real estate claimed by said Sarah P. Johnson be placed in the
hands of a receiver or trustee, and the interest thereon, less
the expense, be paid to her during her life, and at her death
the principal be paid to the children of Henry B. Johnson or
their descendants the same as the land, if not sold, would
have descended under §2487 R. S. 1881.

Section 2487 R. S. 1881, upon which appellants rely, pro-
vides "that if a man marry a second or other subsequent wife,
and has by her no children, and dies leaving children alive
by a previous wife, the land which at his death descends to
such wife, shall, at her death, descend to his children." It

will be observed that this section does not fix the estate or interest which the second or subsequent childless wife takes in the real estate of her deceased husband. That is fixed by §§2483, 2486, 2489 R. S. 1881, §§2640, 2643, 2646 Burns 1894. The estate given a widow by either of said sections in the lands of her deceased husband is a fee simple, regardless of whether she is a first, second, or other subsequent wife, and regardless of whether she has children by such husband. *Byrum* v. *Henderson*, 151 Ind. 102, 104-106, and cases cited.

It is settled law that, under our statute of descents, from May 6, 1853, when the same was in force, until the taking effect of the act of 1899 (Acts 1899, pp. 131, 132), a second or subsequent childless wife took a fee simple in the lands of her deceased husband, and that the child or children of the previous marriage or their descendants had no interest in the said real estate which descended to her, but only an expectancy to take the same as her forced heirs at her death, under §2487, *supra*. *Byrum* v. *Henderson*, *supra*, pp. 104-107, and cases cited; *Habig* v. *Dodge*, 127 Ind. 31, 34, 35, and cases cited; *Gwaltney* v. *Gwaltney*, 119 Ind. 144; *Thompson* v. *Henry*, *ante*, 56; *Helt* v. *Helt*, 152 Ind. 142. Therefore, if a husband died leaving a childless second or subsequent wife as his widow, and leaving a child or children or their descendants by a former marriage surviving him, and such child or children or their descendants should die before such widow, then there would be no child or children of the former marriage or their descendants living at the death of such widow to take as her forced heirs under §2487, *supra*, and any real estate which descended to her from her said husband and owned by her at the time of her death would descend to her heirs, if she died intestate, the same as if she were a first wife, and, if she died testate, will go to the devisees under her will. *Byrum* v. *Henderson*, *supra*, pp. 105, 106.

In *Gwaltney* v. *Gwaltney*, 119 Ind. 144, it was held that, as the only interest which a child by the first marriage of his father had in land set off to a childless second wife upon the death of her husband, was a mere expectancy that he might inherit it from his stepmother in case he survived her, he could not maintain a suit to enjoin her from committing waste. The court, at page 146, said: "The difficulty which confronts the appellant in the present case is, he is neither a remainder-man nor reversioner, nor has he any interest whatever in the land, except a mere expectancy that he may inherit it from his stepmother, in case he survives her. * * * The estate which a widow takes in the real estate of her husband is a fee simple, by the very words of the statute, which applies alike whether she be a first, second, or subsequent wife. If, however, she have no children by the husband from whom she inherits the land, his children become, by compulsion of law, her heirs, in case they or their descendants survive her. While she lives they have no interest in the land. Accordingly, it has been repeatedly held that the husband's children are not bound by the judgment of a court ordering their supposed interest to be sold, nor by a conveyance made by them or their guardian during the lifetime of the widow. *Erwin* v. *Garner*, 108 Ind. 488; *Thorp* v. *Hanes*, 107 Ind. 324; *Bryan* v. *Uland*, 101 Ind. 477, and cases cited.

"The plaintiff occupies the attitude of an expectant heir, seeking to restrain the ancestor from committing waste upon an estate which the former may or may not inherit. * * * It is true the law arbitrarily appoints the children of the deceased husband, if any there be alive at the death of the widow, as the heirs upon whom the estate shall be cast by descent. If, however, there are no children of the husband, or their descendants, the estate descends as in other cases. The manner in which real estate shall descend, and who shall inherit, are altogether matters of public policy, subject to be regulated by law. That the statute prescribes a peculiar line

of descent in respect to lands descended to a childless widow, who was a second or subsequent wife, does not make her estate therein any the less an estate of inheritance."

Under the authorities cited it is evident that if said real estate were capable of partition, and appellee's interest therein had been set off to her in severalty, she could sell the timber, if any growing thereon, any gravel, stone, coal, or other minerals therein, or remove the buildings or other improvements thereon, and thus materially diminish or destroy the value of said real estate, and appellants could not prevent her from so doing, and the proceeds of such sales would be hers. If any building thereon insured by her were destroyed by fire the insurance money would be hers in like manner. As appellants had no right to, or interest in, her one-third of said real estate, which they could successfully invoke the aid of a court to protect, how, then, can they successfully invoke such aid as to her share in the proceeds of the sale of the land? If she could not be prevented by appellants from selling and removing buildings, timber, or the gravel, stone, coal, or other minerals, if any, on said land, and thus destroying its value, upon what principle can appellants invoke the aid of a court to deprive her of the possession of the one-third of the proceeds of the land when sold, and limit her right therein to the interest thereon and thus preserve the principal intact. To hold that such relief could be given as to the proceeds of the sale would overthrow all that has been decided in regard to the children being entitled to no relief as to the land.

An analogous question arose under §18 of the statute of descents (1 Davis 1876, p. 411, 1 Gavin & H. p. 294) which provided: "If a widow shall marry a subsequent time holding real estate in virtue of any previous marriage, such widow may not during such marriage, with or without the consent of her husband, alienate such real estate, and if during such marriage such widow shall die such real estate

shall go to her children by the marriage in virtue of which such real estate came to her, if any there be." This section was amended in 1879 by adding two provisos thereto. §2484 R. S. 1881, §2641 Burns 1894. Under this section it was uniformly held that a widow who marries a second or subsequent time, holding real estate in virtue of a former marriage, has a fee simple in such real estate, but that her power of alienation was suspended during said subsequent marriage, and that, if she die during such marriage, said real estate shall go to her children by the marriage in virtue of which the real estate came to her, and her children by her last marriage, if any, would inherit no part thereof.

In *Small* v. *Roberts*, 51 Ind. 281, which was an action for partition, the trial court ordered that the commissioner who sold the land should invest one-third of the proceeds thereof, claimed by said widow, in such manner as to secure her the interest thereon during her coverture with her second husband, and the return of the principal thereof to her in the event she should survive said second husband, and the payment of the principal to her children by her first husband, if she should die while the wife of said second husband. And this court held that the widow in such case was entitled to the one-third of the proceeds of the sale of said land unconditionally, and reversed the order directing the investment of the widow's one-third of the money.

This court, at page 283, said: "The legislature may be presumed to have foreseen that in some cases the land in which the wife thus owned a third in fee, derived from her former husband, would be sold in a proceeding for partition, and yet they made no provision for such a case. The disability of the wife is not by statute carried on and applied to the proceeds of the real estate, when it has been sold. The language of the opinion in *Finch* v. *Jackson*, 30 Ind. 387, with reference to investing the proceeds of the sale of the land, seems not to have been called for in the decision of the question involved in that case."

In *Swain* v. *Hardin*, 64 Ind. 85, this court, at page 87, said, in regard to the case of *Small* v. *Roberts*, *supra:* "It may be observed that the case of *Small* v. *Roberts*, 51 Ind. 281, was a case in which the widow was entitled to one-third of the land in fee. She inherited the third of the land from her former husband, and during her second marriage her hands were tied up so that she could not alienate it. The fee continued in her nevertheless. During the second marriage the land was sold on proceedings for partition; and it was held that she was entitled to one-third of the proceeds of the sale unconditionally. This was because she owned the fee in the third, though during her second marriage she was prohibited by the statute from alienating it." This rule was again announced and approved in *Klinesmith* v. *Socwell*, 100 Ind. 589.

It follows from what we have said, and the authorities cited, that appellee Sarah P. Johnson was entitled to one-third of the proceeds of the sale of said real estate, and that appellants had at most no more interest therein than they would have had in her one-third of the real estate, if the same had been set off to her in severalty, and were therefore not entitled to maintain any action to prevent her receiving and using the same, or to deprive her of the possession thereof, any more than they would have been to her share of the real estate, if the same had been set off to her in severalty. Under this view of the law, the mistake of law set forth in the special finding is immaterial. The trial court stated no conclusions of law concerning the interest, if any, appellants, or any of them, would have or be entitled to in said funds and choses in action at the death of Sarah P. Johnson, and in the judgment rendered that question was expressly excepted and left without any adjudication thereon. This question is in no way presented for our determination, and is not therefore considered. As the court did not err in any of the conclusions of law, the judgment is affirmed.