## CROPPER ET AL. v. GLIDEWELL.

[No. 7,650. Filed June 18, 1912. Rehearing denied October 15, 1912. Transfer denied December 20, 1912.]

1. DESCENT AND DISTRIBUTION.—*Surviving Subsequent Wife.— Rights of Children of Intestate.*—Under §2644 Burns 1894, §2487 R. S. 1881, providing that on the death of a husband, leaving a second or subsequent wife by whom he had no children, but leaving children alive by a previous wife, the land which descends to such wife, shall, at her death, descend to his children, the inter-

est of such wife in such lands is a fee simple, which, on her death is cast upon the children of the intestate as the enforced heirs of such wife, and the right to take as such enforced heir is one that cannot be defeated by any act of such wife.  p. 54.

2.  DESCENT AND DISTRIBUTION.—*Right to Inherit.—Vested Rights.*— An heir has no vested right to inherit the property of the ancestor.  p. 56.

3.  DESCENT AND DISTRIBUTION.—*Surviving Subsequent Wife.— Rights of Children of Intestate.—Statutes.—Repeal.*—Section 3017 Burns 1908, §2486 R. S. 1881, providing that on the death of a husband, intestate, leaving a widow and one child only, his real estate descends one-half to each, and §2644 Burns 1894, §2487 R. S. 1881, providing that, if he die leaving a widow who was his second or subsequent wife, by whom he had no children, but leaving children alive by a previous wife, the land which descends to such widow shall, at her death, descend to such children, are. modified by Acts 1899 p. 131, §2, to the extent of providing that a childless subsequent wife takes only a life estate in the share descending to her and that the fee vests at once in the children of the former marriage, but the latter statute. is not in conflict with §2644 Burns 1894, §2487 R. S. 1881, making the children of a former marriage the enforced heirs of a childless subsequent wife, in so far as such provision applies to an estate which descended to such childless subsequent wife prior to the taking effect of said act of 1899.  p. 56.

4.  DESCENT AND DISTRIBUTION.—*Subsequent Wife.—Lease of Lands. —Right to Rents Accruing After Death of Subsequent Wife.*— Where a surviving second wife, whose husband had no children by her, but who had a child by a former wife, leased for a year land which descended to her under §3017 Burns 1908 and §2644 Burns 1894, §§2486, 2487 R. S. 1881, and died before the expiration of the term, the rents accruing after her death belonged to such child, since the wife had no power to incumber the estate so as to defeat or impair the inheritance vested by law in such child.  p. 57.

From Superior Court of Marion County (76,596) ; *Vinson Carter,* Judge.

Action by Laura A. Glidewell against Joseph H. Cropper and another.  From a judgment for plaintiff, the defendants appeal.  *Affirmed.*

*Samuel Ashby,* for appellants.

*Harding & Hovey* and *Smith, Duncan, Hornbrook & Smith,* for appellee.

LAIRY, J.—On November 1, 1898, Henry T. Hockensmith, a resident of Marion county, Indiana, died intestate, seized of the real estate described in the complaint and cross-complaint, and left as his sole and only heirs at law, his widow, Elizabeth R. Hockensmith, whom he married in 1871, by whom he had no children, and appellee, Laura A. Glidewell, his only child by his first marriage. On March 21, 1908, said Elizabeth R. Hockensmith died testate, and devised all of her real estate to her brother, appellant Joseph H. Cropper.

After the death of Mrs. Hockensmith, a controversy arose as to the title to the real estate which she had inherited as the childless second wife of Henry T. Hockensmith. Mrs. Glidewell claimed title to this land as the enforced heir of her step-mother, and brought this action against appellants to quiet her title thereto. Appellant Joseph H. Cropper, claimed title to said real estate as sole heir of Mrs. Hockensmith, and also as her devisee, and filed a cross-complaint in said action, seeking to quiet his title to the same land.

By §23 of the act of 1852 (1 R. S. 1852 p. 251), on the subject of descent, if a husband died intestate leaving a widow and one child only, his real estate descended one-half to his widow and one-half to his child. §3017 Burns 1908, §2486, R. S. 1881. Section 24 of the same act provides that if a man marry a second or subsequent wife, and has by her no children, but has children alive by his previous wife, the land which descends to such wife shall at her death descend to his children. §2644 Burns 1894, §2487 R. S. 1881.

In construing these statutes the Supreme Court first held that the right of a surviving second or subsequent wife, whose husband had no children by her, but had children by a former wife, was limited to a life estate in the lands descended from her husband. *Hendrix* v. *Sampson* (1880), 70 Ind. 350. It is held, however, by the later decisions that her interest in such lands is a fee simple, and that the chil-

dren of the husband by his former marriage are her enforced heirs. *Utterbach* v. *Terhune* (1881), 75 Ind. 363; *Bryan* v. *Uland* (1884), 101 Ind. 477; *Thorp* v. *Hanes* (1886), 107 Ind. 324, 6 N. E. 920; *Habig* v. *Dodge* (1891), 127 Ind. 31, 25 N. E. 182; *Haskett* v. *Maxey* (1893), 134 Ind. 182, 33 N. E. 358, 19 L. R. A. 379; *Stephenson* v. *Boody* (1894), 139 Ind. 60, 38 N. E. 331; *Byrum* v. *Henderson* (1898), 151 Ind. 102, 51 N. E. 94; *Johnson* v. *Johnson* (1899), 153 Ind. 60, 54 N. E. 124; *Griffis* v. *First Nat. Bank* (1907), 168 Ind. 546, 81 N. E. 490.

These statutes were in force at the time of the death of Henry T. Hockensmith. By virtue of §23, *supra,* his widow became seized in fee simple of one-half of his real estate, and by virtue of the provision contained in §24, *supra,* his daughter by a former marriage was made the enforced heir of his widow Elizabeth R. Hockensmith. As such heir, this daughter would inherit all of the real estate which descended to her step-mother from Henry T. Hockensmith, and this right could not be defeated by any conveyance, devise or other act of Mrs. Hockensmith.

This much is conceded by appellants, but they contend that this right of inheritance, which was conferred by statute, could be taken away by an act of the legislature, and that this was done by an act approved February 24, 1899 (Acts 1899 p. 131). Section 2 of this act is as follows: "If a man die intestate, leaving surviving him a second or other subsequent wife without children by him, but leaving a child or children or their descendants alive, by a previous wife, such surviving, childless, second or other subsequent wife, shall take only a life estate in the lands of her deceased husband, and the fee thereof shall at the death of such husband vest at once in such child or children, or the descendants of such as may be dead, subject only to the life estate of such widow."

It is conceded by appellants that under the act of 1852, *supra,* Mrs. Glidewell was the enforced heir of Mrs. Hock-

ensmith from the date of her father's death, in the year of 1898, until the taking effect of this act, and that if the stepmother had died during that time Mrs. Glidewell would have taken the land in question by inheritance. But appellants insist that the provisions contained in §24, *supra,* by which she was made such heir, were repealed by the act quoted, and that after the taking effect of this act she was no longer the enforced heir of Mrs. Hockensmith.

2. An heir has no vested right to inherit the property of the ancestor, and if the law under which Mrs. Glidewell claims to be the heir of Mrs. Hockensmith was repealed before the death of the latter, the former cannot inherit the land in controversy.

Does the act of 1899, *supra,* repeal the provisions contained in §24 of the act of 1852, *supra,* on the subject of descent?

3. Section 2 of the act of 1899, *supra,* has the effect to reduce the estate, which a childless subsequent wife takes in the lands which descend to· her from her husband from a fee simple to a life estate, where such husband dies leaving children by a former marriage or their descendants surviving him, and §6 of said act repeals all acts and parts of acts in conflict with any of the provisions of the act of which it is a part. Section 2 of the act applies to all cases where the descent is cast on the childless subsequent wife by the death of her husband after the taking effect of the act. In such a case she takes a life estate only in the share which descends to her; but in cases where the husband had died prior to the passage of the act of 1899, and the estate had passed to the childless subsequent wife under the provisions of the act of 1852, §2 of the later act does not have the effect to reduce the estate which she holds from a fee to a life estate. Such a construction would render the act unconstitutional.

The act of 1852 is repealed by the act of 1899 only in so far as the latter act is in conflict with the former. Sections

17 and 23 of the act of 1852 provided what share a widow should take in the real estate of her deceased husband. These sections applied to all widows, and by virtue of their provisions the share which a widow took in her deceased husband's lands vested in her in fee simple. By these sections the childless subsequent wife, whose deceased husband left a child or children by a former marriage, took the same interest and the same estate as any other widow. Section 2 of the act of 1899, *supra,* modifies these two sections to the extent of providing that such childless subsequent wife takes only a life estate in the share of her husband's land which descends to her, and that the fee vests at once in the surviving children by former marriages and the survivors of those who are dead. To this extent it is in conflict with the sections above referred to. The provision which makes the children by a former marriage the enforced heirs of the childless subsequent wife, as to lands descended to her from the father of such children, is contained in §24 of the act of 1852, and the act of 1899 is not in conflict with this provision, in so far as such provision applies to estates, the inheritance of which had been cast on the childless subsequent wife prior to the taking effect of the later act. The provision can, of course, have no application to an estate which descends to such a wife from her deceased husband after the taking effect of the act of 1899, for the reason that no inheritable estate vests in her under this act. We therefore hold. that the provision of §24 of the act of 1852, *supra,* is not repealed by implication, but is still in force, and that it regulates the descent of estates of the character under consideration, which vested under the provisions of the act of 1852.

One further question is presented. A short time prior to her death, Mrs. Hockensmith leased the real estate here in controversy to Herman Snyder for the term of one year, at a rental of $170, for which amount she accepted the notes of the tenant. Appellant Joseph

H. Cropper, after the death of his sister, assuming to act as her administrator, took possession of and collected these notes, and had the proceeds thereof in his possession prior to the commencement of this action. The trial court held that appellee was entitled to such part of the proceeds of these notes as represented the rent which fell due after the death of Mrs. Hockensmith. In this we think that the court was clearly right. Mrs. Hockensmith had no right to incumber the estate in such a way as to defeat or impair the right of inheritance vested by law in Mrs. Glidewell. If she could lease for one year beyond her death, she could make a valid lease for ninety-nine years, and take notes for the rent, which, being personal property, on her death would go to her administrator for the benefit of her heirs. The children by the previous marriage of her deceased husband, not being heirs as to her personal estate, would be thus substantially defeated of their rights of inheritance. We think that the rent which accrued after the death of Mrs. Hockensmith belonged to appellee.

In every ruling presented by this appeal, the court consistently held that appellee was the owner in fee simple of the real estate described in her complaint and that appellants had no right, title or interest therein. In this there was no error.

Judgment affirmed.

NOTE.—Reported in 98 N. E. 1012. See, also, under (1, 3) 14 Cyc. 38, 75; (2) 14 Cyc. 25. For a discussion of the right to take property by inheritance or will as a natural right protected by the constitution, see 9 Ann. Cas. 726.