## DILLMAN ET AL. v. FULWIDER ET AL.

[No. 8,323. Filed April 30, 1914. Rehearing denied December 11, 1914. Transfer denied January 20, 1915.]

1. WILLS.—Devise of Property Descending Under Statute.—Title of Devisee.—Widow.—If without a devise or bequest, an heir would take exactly the same estate or interest which a will purports to give him, he is considered as taking by descent, and not by purchase or under the will; and such rule is applicable to the widow of a testator. p. 635.

2. DESCENT AND DISTRIBUTION.—Surviving Childless Wife.—Estate Acquired in Realty.—Under the proviso to §2487 R. S. 1881, that "if a man marry a second or other subsequent wife, and has by her no children, but has children alive by a previous wife, the land which, at his death, descends to such wife, shall at her death descend to his children", such second or other subsequent childless wife acquired a fee simple estate, and the child or children of the previous marriage, or their descendants, had no interest therein, but merely an expectancy to take the same as her forced heirs at her death. p. 636.

3. WILLS.—Estates.—Devise.—Election by Widow.—Under the proviso to §2487 R. S. 1881, as construed by the Supreme Court prior to the decision of Utterback v. Terhune (1881), 75 Ind. 363, the estate taken by a surviving second or other subsequent childless wife in the lands of her deceased husband was, as against his children of a former marriage, reduced to a life estate; hence, while such construction was the rule, the election by such surviving wife to take under a will devising to her in lieu of her interest, one-third of her husband's estate in fee, would have acquired a greater estate than she could have taken under the law. p. 637.

4. WILLS.—*Estates.—Devise.—Election by Widow.*—A devise to testator's second childless wife, in lieu of her interest, of one-third of all his estate, though materially modified by a provision of the will authorizing the executors to sell any of the property, gave to her, on her election to take under the will prior to the exercise of such authority, an estate in fee simple in the real estate as such, and, since the estate, even if of equal quantity, differed in quality from that she would otherwise have taken under the proviso of §2487 R. S. 1881, the provision of the will and her election to take thereunder were valid. pp. 638, 642.

5. CONVERSION.—*Directions of Will.*—The provision, in a will devising to testator's wife one-third of all his estate in lieu of her interest under the law, authorizing the executors to sell any of the property, did not of itself equitably convert the estate in lands into an estate or property in personalty, though the exercise of such power at the time worked such conversion. p. 641.

6. WILLS.—*Right of Surviving Wife.—Statutory Provisions.*—A widow electing to take under her husband's will devising to her one-third of all his estate in lieu of her interest under the law, is not entitled to the allowance of $500 provided for by §2786 Burns 1914, §2269 R. S. 1881. p. 642.

From Monroe Circuit Court; *James B. Wilson,* Judge.

Action by James L. Dillman and others against Oscar Fulwider and another. From a judgment for defendants, the plaintiffs appeal. *Affirmed.*

*Brooks & Brooks,* for appellants.

*Miers & Corr, W. E. Hottel* and *Batman, Miller & Blair,* for appellees.

CALDWELL, J.—The following is the substance of appellants' complaint: That on March 29, 1881, David C. Dillman died testate in Monroe County, Indiana, the owner in fee of thirty-one acres of land in said county, specifically described in the complaint; that he left surviving him, as his only heirs at law, his widow, Nancy A. Dillman, a second, childless wife, and the appellants, who are his children by a former marriage, except appellant, Lora Bell Turner, who is a child of a deceased child of such former marriage; that "said decedent, by his will, executed on the 15th day of November, 1880, devised to the said Nancy A. Dillman,

in lieu of her interest in his lands and personal property, one-third of all his estate real and personal of which he might be seized or possessed, which included the real estate hereinbefore described''; that by this will, he bequeathed to certain of said children $20 each, and the residue of his estate he bequeathed and devised to the appellants James L. Dillman and Lora Bell Turner; that the will was duly probated on April 2, 1881, and letters were regularly issued to Jonathan M. May, named in the will as one of the executors thereof; that on January 22, 1883, said widow, by proper steps, elected to take under the will; that ''the aforesaid will empowered and authorized the executors named therein, to wit, James L. Dillman and Jonathan M. May, to sell by private sale in such manner and upon such terms or credit or otherwise as they might deem or think proper, the property real and personal of said decedent.'' Facts are averred to the effect that Jonathan M. May, as such executor, regularly sold to Henry F. Dillman all the lands of which the testator died the owner, consisting of 167 acres, and that the executor reported the sale to the court at the February term, 1883, which report was approved and confirmed, and a deed ordered; that on February 24, 1883, the executor, pursuant to the order, executed and delivered to the purchaser a deed of conveyance for all said lands, including the 31-acre tract; that ''on the same date, the aforesaid Nancy A. Dillman, widow of David C. Dillman, by warranty deed, conveyed to the said Henry F. Dillman the undivided one-third'' of all the said real estate; that afterwards, the purchaser having paid the executor the purchase price of the land, the executor paid the widow the one-third thereof, and applied the balance in payment of the costs and expenses of administration and the debts of the decedent; that no notice of any kind was given appellants of the proceedings to sell lands, and they received no part of the purchase price; that said 31-acre tract has been conveyed from Henry F. Dillman to appellee Fulwider, and that Fulwider

has possession of the land, and is the owner of the same, except the undivided one-third thereof, which is owned by appellants; that Nancy A. Dillman died intestate on April 3, 1911; that appellants at no time conveyed the lands or any part thereof; that at the death of Nancy A. Dillman, appellants became seized in fee simple of the undivided one-third of the 31-acre tract, and that they are tenants in common therein with said Fulwider, who owns the two-thirds. Appellee, Monroe County Bank, is made a defendant by reason of certain mortgages on the tract held by it, and alleged to have been executed by Fulwider. Prayer for partition, the sale of the tract as undivisible, and distribution of proceeds.

Appellees' demurrer to the complaint was sustained, and judgment entered against appellants for failure and refusal to plead further. The sole question presented is respecting the ruling of the court on the demurrer.

It is at least impliedly conceded by appellants that the ruling of the trial court was correct, and that they have no interest in said 31-acre tract of land, if Nancy A. Dillman's estate therein vested in her as devisee under the will, rather than as widow under the statutes of descent. Appellants argue, however, that by the terms of the will, the widow is given the same interest and estate in the personal and real property of her deceased husband as she would have taken under the statutes of descent if no provision had been made for her by the will, and hence, it is contended that the will was ineffective as to her. If appellants' premise is

1. sound, their conclusion is warranted. "The rule is that if without the devise or bequest the heir would take exactly the same estate or interest which the will purports to give him, he is to be considered as having taken by descent, and not by purchase or under the will." *Robertson* v. *Robertson* (1889), 120 Ind. 333, 22 N. E. 310. See, also, *McClanahan* v. *Williams* (1893), 136 Ind. 30, 35 N. E. 897; *Stilwell* v. *Knapper* (1880), 69 Ind. 558, 35 Am. Rep. 240. Such rule is applicable to the widow. *Thompson* v. *Turner*

(1910), 173 Ind. 593, 597, 89 N. E. 314, Ann. Cas. 1912 A
740; *Denny* v. *Denny* (1890), 123 Ind. 240, 23 N. E. 519.

We proceed to determine whether the will purports to
give Nancy A. Dillman the same quantity and quality of
estate as she was entitled to take under the law, as such
widow, in the absence of any provision for her in such will,
and first as to the real estate. The complaint alleges that
by the will there was devised to her "in lieu of her interest
in his lands and personal property, one-third of all his es-
tate real and personal", etc. It is conceded by both appel-
lants and appellees that the will, under the averment, cre-
ated in the widow an estate in fee simple absolute in one-
third of all the lands of which testator died seized, if it be
determined that the widow took under and by virtue of the
will. We, therefore, proceed to ascertain the nature,
quantity and quality of the estate in the lands that
would have descended to the widow as such in the ab-
sence of any provision for her by will. The statutes that
bear on this question are §2483 R. S. 1881, §3014 Burns
1914, and the proviso to §2487 R. S. 1881. The former pro-
vides that "If a husband die testate or intestate, leaving a
widow, one-third of his real estate shall descend to her in
fee-simple free from all demands of creditors", etc., and
the latter that "if a man marry a second or other subse-
quent wife, and has by her no children, but has children
alive by a previous wife, the land which, at his death,
descends to such wife, shall at her death descend to his chil-
dren." Commencing with *Martindale* v. *Martindale* (1858),
10 Ind. 566, decided in 1858 and continuing down to *Utter-
back* v. *Terhune* (1881), 75 Ind. 363, decided at the May
term, 1881, it was uniformly held by the Supreme Court
that the estate in fee in the land of the deceased husband
which such a surviving second or subsequent childless wife
would otherwise have taken in said lands was, as against
such children, by the terms of said proviso, under the cir-
cumstances therein set out, reduced to a life estate. By the

latter decision, it was held that such a widow took her share in fee simple, and that the child or children of the former marriage or their descendants had no interest whatever in such share during her lifetime, but only an expectancy to take the same as her forced heirs at her death. This is now the settled construction of said proviso. *Johnson* v. *Johnson* (1899), 153 Ind. 60, 54 N. E. 124; *Bateman* v. *Bennett* (1903), 31 Ind. App. 277, 67 N. E. 713. The law in this respect, however, has since been changed by statute. See §3019 Burns 1914, Acts 1901 p. 554.

It is argued by appellees that the construction placed on said proviso by *Martindale* v. *Martindale, supra,* and cases following it had become a law of property in this

3. State, and that from the fact that the testator made the will and that he died before the decision of *Utterback* v. *Terhune, supra,* he must be presumed to have made the will in the light of said former decisions, and that the rights of the parties should be determined by the application of the principles of such decisions; that while the widow made her election after the decision of *Utterback* v. *Terhune, supra,* such election related back to the death of her husband, and that, therefore, the rights of the widow and those claiming under her, should be measured by said former decisions. Appellees rely on such cases as *Haskett* v. *Maxey* (1893), 134 Ind. 182, 33 N. E. 358, 19 L. R. A. 379; *Burget* v. *Merrett* (1900), 155 Ind. 143, 57 N. E. 714; and *Thompson* v. *Henry* (1899), 153 Ind. 56, 54 N. E. 109. Appellants, while conceding the soundness of such decisions, deny their application, and argue that from the fact that the widow made her election after the decision of *Utterback* v. *Terhune, supra,* she is chargeable with knowledge of such decision, and that, therefore, the later decisions govern her. We do not find it necessary to determine the merits of such controversy. If appellees are right, and the former line of decisions is applicable here, then it is a plain proposition that since under said decisions the widow's estate in the lands

under the laws of descent would have been only for the period of her own life, said will did not create in her the same estate in lands as the statutes of descent in the absence of provision by will, and as a consequence it must be said, on this assumption, that the estate devised to her was a different estate or interest from what she would have taken by law. It would follow that said widow's rights must be measured by the will, and that appellants must fail. We therefore proceed to determine the question on the assumption that said later decisions govern.

It will be observed that said proviso does not fix the share which such a second or subsequent childless wife takes in the lands of her deceased husband. Such share is

4. fixed by §2483 R. S. 1881, *supra*, and under some circumstances, not applicable here, by §§2486, 2489, 2490 R. S. 1881, §§3017, 3027, 3028 Burns 1914. Under these sections, the estate in lands that descends to such a widow is a fee simple estate. By such sections, such widow takes the same estate in lands as a widow who was a first wife. Under such later decisions, it is held that said proviso does not reduce such estate of such a second or subsequent childless wife below the level of a fee; it does, however, place some limitations or restrictions on such fee; that is, such proviso, as has been said, makes such children by such former marriage the forced heirs of such widow, so that the estate in lands which descends to her from her husband descends from her to such children at her decease. No conveyance that such a widow might make would be effective to deprive such children or their descendants of the right of inheriting such lands from her at her death, if they or any of them survived her. If all such children and their descendants should die before the decease of such widow, then on such death of such children and their descendants, said estate in fee in said widow would thereby become absolute, and at her decease would descend to her heirs or go to devisees under her last will. *Byrum* v. *Henderson* (1898),

151 Ind. 102, 51 N. E. 94; *Thompson* v. *Henry, supra.* Such a widow, as owner in fee may sell and remove from the premises timber, stone, buildings or other constituent elements of the realty and appropriate the proceeds, but all the improvements that she places on such lands and which remain at her decease go to such children or their descendants as such forced heirs, and without compensation to the estate of such widow. *Griffis* v. *First Nat. Bank* (1907), 168 Ind. 546, 81 N. E. 490; *Johnson* v. *Johnson, supra.* It is thus apparent that while such estate in such a widow is a fee, it is a fee with peculiarities, and lacking in some of the incidents of the ordinary estate in fee. *Gwaltney* v. *Gwaltney* (1889), 119 Ind. 144, 147, 21 N. E. 552. While it differs from the estate taken by a first wife only in the fact of such forced heirship as an incident to the former, yet such forced heirship amounts to a limitation to the effect that such estate in fee at the decease of such widow descends to such children of her deceased husband, and notwithstanding any conveyances she may have made. *Bryan* v. *Uland* (1885), 101 Ind. 477, 480. It is said that while such a widow takes what may be termed a fee, yet she takes it in trust for such children. *Flenner* v. *Benson* (1883), 89 Ind. 108. It would seem, however, that such trust exists in a very limited sense, and only to the effect that she can not convey the estate so as to defeat the inheritance. While her estate is a fee, yet "the limited and qualified tenure prescribed in the proviso" aforesaid is of such a nature as to restrict her control of such estate to the period of her natural life. *Armstrong* v. *Cavitt* (1881), 78 Ind. 476, 481.

Some light may be thrown on the question under discussion from a consideration of a statute somewhat similar in its purposes. By §2484 R. S. 1881, §3015 Burns 1914, it is provided in substance that if a widow holding real estate by virtue of a previous marriage shall remarry, and if there be children or their descendants by such previous marriage, such widow may not during such subsequent marriage alien-

ate such real estate, and if during such marriage such widow shall die, such real estate shall go to such children if any there be. This statute does not reduce such a widow's interest below an estate in fee. *Forgy* v. *Davenport* (1896), 146 Ind. 399, 403, 45 N. E. 592; *Sebrill* v. *Hughes* (1880), 72 Ind. 186. During such subsequent marriage, such children have no interest or estate in lands so acquired and held by their mother, beyond an expectancy to take at her death as her forced heirs. *Erwin* v. *Garner* (1886), 108 Ind. 488, 491, 9 N. E. 417. Such widow, under such circumstances, takes as against such children an estate determinable at her death. *Miller* v. *Noble* (1882), 86 Ind. 527, 529. While the fee is in the mother, it is in the nature of a base or determinable fee. *McAdams* v. *Bailey* (1907), 169 Ind. 518, 527, 82 N. E. 1057, 124 Am. St. 240, 13 L. R. A. (N. S.) 1003.

From a consideration of all the foregoing statutes, it seems apparent that the estate in fee to which said Nancy A. Dillman would have been entitled as widow, in the absence of provision made for her by will, is not the same in quality as the estate in fee created for her by the will. Such conclusion is rendered clear from a consideration of the probable market value of the two estates. A purchaser of the former would acquire an estate in fee, determinable at the decease of the widow, on condition that any of the children or their descendants survived the widow; while the purchaser of the latter would get an absolute title in fee. It is evident that the latter estate would have a materially higher market value than the former, while if the estates are identical their market value would be the same.

As the sufficiency of the complaint depends on the identity of the provision made for the widow by the will with her interest in said estate under the statutes of descent, and as such identity is shown not to exist, from a consideration of said respective estates in land, and regardless of any question of the personal property, we are driven to the conclu-

sion that the complaint is not sufficient and that the trial court did not err in sustaining the demurrer thereto.

We have no knowledge respecting the provisions of the will aside from the averments of the complaint. Our discussion has been based on the averment urged upon our attention to the effect that the testator by the will "devised to said Nancy A. Dillman in lieu of her interest in his lands and personal property one-third of all his estate real and personal", etc. There are, however, the further allegations to the effect that "the aforesaid will empowered and authorized the executors named therein  *  *  *  to sell the property, real and personal, of said decedent" and that pursuant to such power, the executor did thereafter sell all real estate of which the testator died seized, including said 31-acre tract. The complaint only partially, or at most but impliedly, enlightens us respecting the testamentary disposition of the proceeds of the sale on the exercise of such power. From the allegations of the complaint, it is evident that the provision of the will, by which an estate in lands was devised to the widow, is materially modified by the provision authorizing a sale. Construing said provisions together, and we do not doubt that regardless of the second provision, the widow, on her election to take under the will, took by such first provision an estate in real estate as real estate. The provision authorizing a sale is not sufficient of itself equitably to convert said estate in lands into an estate or property in personalty. To work such an equitable conversion, such a provision must by its terms expressly or impliedly require rather than merely authorize such a sale. We can not say from the allegations of the complaint that the will either expressly or impliedly required such a sale. *Walling* v. *Scott* (1912), 50 Ind. App. 23, 96 N. E. 481, 97 N. E. 388; *Comer* v. *Light* (1911), 175 Ind. 367, 93 N. E. 660, 94 N. E. 325. Here, however, such power of sale was exercised. Under such circumstances it

is held that the real estate is deemed converted into personal estate at the time of the exercise of the power by a sale, and that it is transmissible and descendable as such personal estate. *Ingersoll's Estate* (1895), 167 Pa. St. 536, 550, 31 Atl. 858; *Kouvalinka* v. *Geibel* (1885), 40 N. J. Eq. 443, 3 Atl. 260; *White* v. *Howard* (1871), 46 N. Y. 144, 162; *Nelson* v. *Nelson* (1905), 36 Ind. App. 331, 339, 75 N. E. 679; 7 Am. and Eng. Ency. Law (2d ed.) 467; 9 Cyc. 839; 1 Jarman, Wills (6th ed.) 590.

It, therefore, follows that while the widow under the will took an estate in fee in real estate, she took it subject to a power lodged in the executors to completely change its nature. Such conditional limitation on the estate can not be ignored in determining the quality of the estate vested in her by the will. Under the statutes of descent she was entitled to an estate in lands, which she would hold under the proviso as lands, while under the will she took an estate in lands, of which she not only might be, but also actually was divested by the exercise of a power lodged in another and beyond her control. In the one case she had a right to take and hold real estate, as real estate, while in the other case, the power being exercised, she was required to take personal property in the form of money. Viewing as a whole the allegations of the complaint on the subject of the contents of the will, it seems apparent that the provision made for the widow by the will is not the same as the interest that she would otherwise have taken under the statutes of descent, and that the court did not err in sustaining said demurrer.

A consideration of the personal property side of the case confirms our conclusion. By the statutes in force at the time of the death of said testator, if he had died intestate one-third of his personal property would have descended to the widow subject to the debts of the estate. §2487 R. S. 1881. By the terms of §2269 R. S. 1881, §2786 Burns 1914, she was entitled to receive an additional

$500 in property or money. Here it is alleged that said testator by said will "devised to said Nancy A. Dillman in lieu of her interest in his lands and personal property, one-third of all of his estate real and personal", and it is also alleged also that by the terms of the will, the testator disposed of the full residue of his estate, and that the widow elected to take under the will.

Planting their argument on the language of the statute last cited, appellants contend that the widow was entitled to the allowance of $500, regardless of whether her husband died testate or intestate, and even though she elected to take under the will, and they cite *Nelson* v. *Wilson* (1878), 61 Ind. 255, and like cases. Some of these cases are over-ruled and others are criticized in *Langley* v. *Mayhew* (1886), 107 Ind. 198, 6 N. E. 317, 8 N. E. 157, where the essential facts are very similar to those presented here. The will here expressly provides that the provision made for the widow is in lieu of her interest in the lands and personal property of the testator. The residue of the estate is by the will given to others. The widow, by her election, indicated that the testamentary provision made for her was more acceptable to her than that which the law would otherwise have given her, and having accepted the provisions of the will, she was not entitled to receive the statutory allowance, while, had there been no will, or had she not elected to accept such testamentary provision, the law would have given her such allowance. *Nelson* v. *Wilson, supra; Manning* v. *Wilson* (1912), 52 Ind. App. 1, 100 N. E. 106. For this additional reason, such testamentary provision is not identical with the widow's interest under the statute. From a full consideration of the case, it seems evident that the court did not err in sustaining the demurrer to the complaint.

Judgment affirmed.

NOTE.—Reported in 105 N. E. 124. As to election by widows as between benefits and right to dower and community property, see 92 Am. St. 695.